■ LITEMORE ELECTRIC CO., INC., Respondent, v CITY OF NEW YORK, Appellant and Third-Party Plaintiff-Appellant. MALCOLM PIRNIE CONSULTING ENGINEERS et al., Third-Party Defendants-Respondents. — Order, Supreme Court, New York County (Ascione, J.), entered July 7, 1982, directing the defendant to serve more responsive answers to interrogatories 6(b), 7(e), 8, 15, 16, 29, 30, 31, 32, 35, 36 and 38, modified, on the law and the facts, to the extent that

defendant is directed to serve a more responsive answer only to interrogatory 7(e) within 20 days after service of a copy of the order entered hereon with notice of entry, and, as modified, affirmed without costs. Plaintiff Litemore Electric Co., Inc., contracted with defendant City of New York to perform certain electrical work at the Port Richmond Water Pollution Control Project. In this proceeding, plaintiff seeks to recover for additional work performed and materials provided on that project. It also requests damages arising from extensive delays caused on the project. Plaintiff served a set of 41 interrogatories on defendant city. The latter did not move for a protective order under CPLR 3122. Instead, defendant served a full set of answers. Plaintiff then sought a further response with regard to 21 of the interrogatories. Special Term directed that more responsive answers be served with reference to 12 of the interrogatories. From that order, defendant now appeals. Although the defendant never moved for a protective order, we find that all but one of the interrogatories under discussion to be burdensome, or otherwise, palpably improper. Had defendant made a timely motion to strike or limit those interrogatories, such a motion would have been granted. Hence, pursuant to CPLR 3103 (subd [a]), we will deem the answers to those interrogatories to be adequate and will modify the order as follows: In its brief, plaintiff withdraws interrogatory 6(b). That interrogatory will thus be deleted from the order appealed from. Interrogatory 7(e) requests information concerning any modifications in the capital budget with regard to this project. While plaintiff may have some knowledge concerning such modifications, the issues will be sharpened for trial if the defendant reveals beforehand its knowledge on this subject. This is the sole interrogatory that will be permitted to stand. Interrogatories 8, 32, 35, 36 and 38 request the defendant to describe with particularity "all documentation" or "all documents" in specific areas of inquiry. Suffice it to say that these interrogatories, as framed, violate the rule in *Rios v Donovan* (21 AD2d 409, 414). The plaintiff should first identify specific documents at an examination before trial. Discovery and inspection of those documents may then be sought. Interrogatory 15 asks for information relating to revisions in the original work schedule. Interrogatory 16 requests answers concerning the anticipatory and actual work sequences and the reasons for any changes. Interrogatories 29, 30 and 31 seek specific data concerning delays caused by defendant, the prime contractors and other persons. These interrogatories request information on topics where the applicable documentation is voluminous. These interrogatories, broadly drafted, are not the proper vehicle for pursuing information on these points because they do not pinpoint the critical areas of contest. Again, it will be better procedural practice for plaintiff to pursue this evidence through the more flexible vehicle, the examination before trial. The defendant may raise any claim of privilege at its examination before trial. Concur — Murphy, P. J., Kupferman, Carro, Milonas and Alexander, JJ.