■ ISRAEL SCHEINFELD et al., Respondents, v PAUL BURLANT et al., Appellants. — Order of the Supreme Court, New York County (Alvin F. Klein, J.), entered March 25, 1983, denying defendants' motion for a protective order and directing them to produce the documents demanded affirmed, with costs. This action is bottomed on the claim of a breach of fiduciary relationship by defendants. Plaintiffs contend that they entered into an investment scheme pursuant to which they delivered funds to defendants. The money was to be turned over to North Broadway Funding Corp., to be secured by an assignment of a mortgage on real property owned by North Broadway. Defendants were to hold this assignment in escrow and, in the event of default, to turn it over to plaintiffs. North Broadway paid interest on the loans until June, 1977, at which time it defaulted. Plaintiffs then demanded that defendants produce the assignment and mortgage instrument which, purportedly, they were holding in escrow for the benefit of plaintiffs. When defendants failed to do so this action was instituted. By notice dated December 17, 1982, plaintiffs demanded production of certain documents. Defendants moved for a protective order upon the ground that the notice was extraordinarily broad and lacked specificity. Special Term denied the motion and directed production of the documents demanded. The crux of defendants' argument is that the items sought begin with the phrases "All correspondence and/or memoranda", "All documents and memoranda", "All notes, memoranda and/or documents", "Any and all other documents" or "All financial records and documents". This, it is contended, violates the strictures imposed by us in *Rios v Donovan* (21 AD2d 409) and its progeny. However, examination of the items sought makes evident the limited and specific subject matter to which each separate demand is directed. To hold that the items lack specificity simply because they start with the word "All", would be to exalt form over substance and to frustrate the liberal discovery provisions which CPLR article 31 was designed to accomplish. We are of the opinion that the documents are sufficiently described so that defendants may readily understand what it is they are required to produce. No claim is made that they are not material and necessary to the litigation. In these circumstances, it was a proper exercise of discretion for Special Term to require that they be produced. Concur — Kupferman, J. P., Sullivan and Bloom, JJ. Silverman and Alexander, JJ., dissent in separate memoranda as follows:

Silverman, J. (dissenting). I agree with Justice Alexander's dissent. I note that in addition to the items referred to in Justice Alexander's memorandum, plaintiffs requested: "6. Any and all other documents among any of the defendants and/or other persons, which evidence, refer or relate to the contracts, agreements, notices, claims and/or transactions set forth in the answer and complaint. 7. All financial records and documents which evidence, refer or relative to the agreements alleged in the answer and complaint including all payments received by defendants relative to any services performed with regard to the allegations set forth in the complaint." And the court directed such production. Thus the order appealed from does not require the production of "specifically designated documents" (CPLR 3120, subd [a], par 1, cl [i]), but rather, as Special Term characterized it, "all documents and correspondence relating to the subject suit." The infirmity is not merely one of form in the use

of a particular word like "all" or "any and all"; it is an infirmity of substance as a complete violation of the statutory restriction.

Alexander, J. (dissenting). In this action commenced in late 1981, the plaintiffs allege, in substance, that in 1975 they were induced to enter into an investment scheme whereby the defendants, as escrow agents for moneys deposited by the plaintiffs and other investors, would hold in escrow unrecorded mortgages representing security for the investments. It appears that in March, 1975, the plaintiffs invested some $30,000 with the defendants. Receipt of that investment was acknowledged by the defendants under letter of March 13. Plaintiffs received payments representing interest accruals on their investments for a period of time. They reinvested these funds with the defendants under the same terms as before. In 1977, these payments ceased and the plaintiffs, along with others, demanded that the mortgages purportedly held by defendants as security for their investments be produced. When the defendants failed to comply, the instant action was commenced. Following receipt of the defendants' amended answer in 1982, plaintiffs, by notice dated December 17, 1982, demanded discovery of "All correspondence and/or memoranda between [the parties] dated from January 1, 1975 to the present which evidence, relate or refer to the agreement * * * as alleged in the complaint" and "All documents and memoranda between [the parties] which show that defendants received specific mortgage assignments on behalf of plaintiffs". Defendants' motion for a protective order pursuant to CPLR 3103 (subd [a]) and 3122, was denied by Special Term. This court has repeatedly condemned the use of such phraseology as "all correspondence and/or memoranda", "all documents and memoranda", "all notes and memoranda and/or documents", "any and all other documents", as being contrary to the mandate of CPLR 3120 (subd [a], par 1, cl [i]) which requires specification of documents to be discovered "with reasonable particularity". As we pointed out in *Rios v Donovan* (21 AD2d 409, 414), and reaffirmed most recently in *Litemore Elec. Co. v City of New York* (96 AD2d 1022, 1023), the party seeking such discovery "should first identify specific documents at an examination before trial. Discovery and inspection of those documents may then be sought." This demand fails to specify documents "with reasonable particularity", as required by CPLR 3120 (subd [a], par 1, cl [i]) and thus is defective (*Rios v Donovan,* 21 AD2d 409; *City of New York v Friedberg & Assoc.,* 62 AD2d 407; *Butler v District Council 37,* 72 AD2d 720). Accordingly, in my view, Special Term should have granted the motion for a protective order.