OPINION OF THE COURT
 

 Meyer, J.
 

 An insurer which carries both the general liability coverage and the workers’ compensation coverage of three affiliated companies may be liable, when an employee of one of the companies sues the other two for injuries incurred in the course of his employment, for failure to comply with the demand of the excess carrier for the same three companies that the two companies sued implead the employer company, if the primary carrier cannot show a good-faith basis for its refusal. The order of the Appellate Division should, therefore, be affirmed, with costs.
 

 Michigan Mutual Insurance Co. insured DeFoe Corporation and its two subsidiaries, L.A.D. Associates, Inc., and D.A.L. Construction Corporation, under a general liability policy with coverage of $1,000,000. It was also the workers’ compensation insurer for the same three companies. Hartford Accident and Indemnity Co. provided excess coverage of $5,000,000 to the same three companies. An employee of D.A.L. (Davor Gobin) was injured in the course of his employment. Though prevented by the exclusivity provision of the Workers’ Compensation Law (§ 11) from suing D.A.L., Gobin began a negligence action against DeFoe and L.A.D. Notwithstanding that Hartford, as excess carrier, demanded that D.A.L. be impleaded in the Gobin
 
 *573
 
 action, Michigan Mutual and the attorneys representing it failed to do so. The Gobin action was settled for $1,400,000, Hartford paying $400,000, but as part of the settlement proceeding stating that it reserved the right to pursue any remedies against Michigan Mutual.
 

 Hartford then began the present action against Michigan Mutual and the law firm which at its behest represented DeFoe and L.A.D. in the Gobin action. Involved on this appeal are only the fourth through seventh causes of action against Michigan Mutual for inducing breach by DeFoe of the cooperation clause of Hartford’s policy, for inducing a like breach by L.A.D., for bad faith in failing to cause D.A.L. to be impleaded in the Gobin action, and for conspiracy to deprive DeFoe and L.A.D. of an adequate defense and representation in the Gobin action by not impleading D.A.L. Michigan Mutual moved for summary judgment as to those causes of action. Special Term treated the motion as one to dismiss and dismissed insofar as the causes of action were stated to be in favor of Hartford in its individual capacity but otherwise denied. On appeal the Appellate Division dealt with the motion as one for summary judgment but found triable issues of fact and, one Justice dissenting, modified by reinstating the causes of action by Hartford in its individual capacity and otherwise affirmed. It also granted Michigan Mutual’s motion for leave to appeal and certified to us the question whether its order was properly made.
 

 Michigan’s contention that the cooperation clause of the Hartford policy did not obligate DeFoe and L.A.D. to implead D.A.L. is. based upon
 
 American Sur. Co. v Diamond
 
 (1 NY2d 594). The subrogation clause in the policy there involved (see 1 NY2d, at p 598) contained no agreement giving rise to an obligation to implead. Hartford’s policy, however, obligated its insured to “enforce any right of contribution or indemnity against any person or organization who may be liable to the insured”.
 

 Michigan’s reliance on the rule that an insurer may not maintain a subrogation action against its own insured is likewise misplaced for that rule speaks to an insured under the same policy. Here Michigan Mutual provided two policies, one a general liability policy and the second a com
 
 *574
 
 pensation policy which covered not only D.A.L.’s obligations under the Workers’ Compensation Law, but also under paragraph 1(B) of the standard policy required Michigan to “pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident * * * by any employee of the insured arising out of and in the course of his employment by the insured” (4 Larson, Workmen’s Compensation Law, Appendix E-2-1). Michigan Mutual would, therefore, under its compensation policy, be obligated to defend D.A.L. had it been impleaded in the Gobin action and to indemnify D.A.L. against payment of damages on the impleaded cause of action should it be held liable. That obligation would arise, however, not under the liability policy under which it was defending DeFoe and L.A.D., but under the separate compensation coverage of D.A.L.
 

 Moreover, Michigan Mutual as the primary liability insurer owed to Hartford as the excess carrier the same duty to act in good faith which Michigan owed to its own insureds, DeFoe and L.A.D.
 
 (St. Paul Fire & Mar. Ins. Co. v United States Fid. & Guar. Co.,
 
 43 NY2d 977; see 2 NY PJI 243 [1983 Supp]). Whether Michigan Mutual acted, as it claims, in the interest of protecting its insureds against the harassment of multiple claims, or in its own interest so as to activate Hartford’s excess liability without having to share in or substitute for that liability as the insurer under the 1(B) coverage of its compensation policy is, therefore, a question to be determined upon trial of the action rather than on motion for summary judgment, as also is the question whether Hartford’s payment was “voluntary” (cf.
 
 Trojcak v Wrynn,
 
 45 AD2d 770).
 

 The order of the Appellate Division should, therefore, be affirmed, with costs, and the certified question answered in the affirmative.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Simons and Kaye concur.
 

 Order affirmed, etc.