(February 2, 1988)

■ Zurich Insurance Co., Appellant, v State Farm Mutual Automobile Insurance Co., Respondent.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered September 15, 1986, which clarified the court's prior order entered July 30, 1986, by granting defendant-respondent's motion for a protective order except as to items 1 and 2 in the September 25, 1985 notice and demand, and by denying plaintiff-appellant's cross motion to compel compliance with the outstanding discovery requests, unanimously modified, on the law and in the exercise of discretion, to grant appellant's motion to compel to the extent of requiring respondent to comply with items 4 through 9, inclusive, of said notice and demand, and to answer items 6 through 13, inclusive, of the interrogatories, and otherwise affirmed, without costs. The appeal from the order entered July 30, 1986 is dismissed as superseded, without costs.

Appellant, the issuer of an excess insurance policy, seeks to recover damages from respondent, issuer of the primary insurance policy, for respondent's alleged bad-faith refusal to settle a claim against appellant's insured prior to trial. Following a jury verdict against the insured, the claim was settled for $132,500 of which appellant paid $112,500. Appellant now challenges Supreme Court's decision to grant respondent's untimely motion for a protective order. Respondent maintains that the order was properly granted because appellant's notice and demand was overly broad and because the material sought is privileged under CPLR 3101.

We note at the outset that respondent's failure to timely seek a protective order forecloses all inquiry into the propriety of appellant's discovery demands unless they are "palpably improper" *(Wood v Sardi's Rest. Corp.,* 47 AD2d 870, 871 [1st

Dept 1975]). Although appellant's discovery requests are framed in the broadest of terms, the documents sought relate to a specific subject matter and are therefore sufficiently identifiable to satisfy the requirements of CPLR 3120 (a). *(Matter of Bird,* 100 AD2d 784 [1st Dept 1984]; *Scheinfeld v Burlant,* 98 AD2d 603 [1st Dept 1983].) The requests in the notice of demand were not, therefore, palpably improper and respondent should have been ordered to comply therewith.

Respondent's assertion of the litigation and work product privilege for the materials sought by appellant is unavailing in this bad-faith action between issuers of primary and excess insurance policies. In *Hartford Acc. & Indem. Co. v Michigan Mut. Ins. Co.* (93 AD2d 337 [1st Dept 1983], *affd* 61 NY2d 569 [1984]), this court reaffirmed that the primary carrier owes the same fiduciary obligation to the excess insurer which the primary insurer owes to its insured. Where it is alleged that the insurer has breached that duty to its insured, the insurer may not use the attorney-client or work product privilege as a shield to prevent disclosure which is relevant to the insured's bad-faith action *(Colbert v Home Indem. Co.,* 24 AD2d 1080 [4th Dept 1965], *affg* 45 Misc 2d 1093). Thus, the same principle obtains in a bad-faith action between the excess insurer and the primary insurer. Respondent's insured, the owner of the vehicle, and the driver of the vehicle who is also covered under the owner's policy, and appellant's insured, the driver's employer, were all represented by the law firm retained by respondent. The litigation materials prepared for the liability trial and counsel's work product relevant to that action were prepared on behalf of all three of those defendants, including appellant's insured. Respondent does not claim that there was any conflict of interest among the three defendants which required separate strategies or materials for their defenses.

We agree that the first five interrogatories were improper as they relate to the enforcement of a judgment which may be rendered against respondent. Other arguments raised by the parties on appeal have been considered and rejected. Concur— Murphy, P. J., Sullivan, Ross, Rosenberger and Smith, JJ.