ARGONAUT INSURANCE COMPANY, INC., Plaintiff,

v.

HARTFORD ACCIDENT AND INDEMNITY INSURANCE COMPANY, and U.S. Fire Insurance Company, Defendants.

ARGONAUT INSURANCE COMPANY, INC., Plaintiff,

v.

HARTFORD ACCIDENT AND INDEMNITY COMPANY, Defendant.

UNITED STATES FIRE INSURANCE COMPANY, individually and as subrogee of Montefiore Hospital and Medical Center, and Federation of Jewish Philanthropies, Plaintiffs,

v.

HARTFORD ACCIDENT AND INDEMNITY COMPANY, and Argonaut Insurance Company, Inc., Defendants.

Nos. 86 Civ. 03057 (RWS), 86 Civ. 0358 (RWS) and 86 Civ. 1232 (RWS).

United States District Court, S.D. New York.

July 7, 1988.

Garcia, Stallone, Gass & Caliendo, Melville, N.Y. (Joseph F. Garcia, of counsel), for Argonaut Ins. Co.

Anthony J. McNulty, New York City, for U.S. Fire Ins. Co.

Harold B. Berel, New York City, for Hartford Acc. & Indem. Co.

## OPINION

SWEET, District Judge.

Defendant and third-party plaintiff U.S. Fire Insurance Company ("U.S. Fire") has moved pursuant to Fed.R.Civ.P. 56 for an order granting partial summary judgment on the issue of liability on its second, third and fourth causes of action against defendants Hartford Accident and Indemnity Company ("Hartford") and Argonaut Insurance Co., Inc. ("Argonaut"). U.S. Fire has also moved pursuant to Fed.R.Civ.P. 37(c) for an order granting it costs and attorney's fees it has incurred as a result of Hartford's failure to admit the truth of certain matters set forth in a Request for Admission served by U.S. Fire on March 5, 1988. Upon the findings and conclusions set forth below, the motion for partial summary judgment is denied, and, treating U.S. Fire's Rule 37 motion as a motion to compel the production of documents, it is granted to the extent set forth below.

*Prior Proceedings*

Pursuant to the memorandum opinion dated December 11, 1987, the objections to the Special Master's Memorandum Report dated July 8, 1987 and the renewed summary judgment motions of U.S. Fire and Argonaut, respectively, were denied. The Memorandum Opinion concurred with the Special Master's conclusion that a triable issue of fact remained as to the meaning of Endorsement L3034–0. At the pretrial conference on February 3, 1988, leave was granted to U.S. Fire to move for partial summary judgment with respect to its second, third and fourth claims against defendants which involve allegations of breach of contract and duties of good faith by Hartford and of a conspiracy between Hartford and Argonaut. The background to the present dispute is set forth at length in the Special Master's Report, familiarity with which is assumed.

*Summary Judgment*

■ In order to grant summary judgment, the court must determine that no genuine issue of fact exists. Fed.R.Civ.P. 56(c). The court's responsibility is not to resolve disputed issues of fact, *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir. 1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987), but to determine whether there are any factual issues to be tried, while resolving ambiguities and drawing inferences against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2509–11, 91 L.Ed. 2d 202 (1986); *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 249 (2d Cir.1985).

U.S. Fire has moved for summary judgment on its second claim which appears to allege a civil conspiracy by Hartford and Argonaut causing damage to U.S. Fire and on its third and fourth causes of action which taken together assert a claim against Hartford for breach of contract and breach of a primary insurer's fiduciary duty to its excess insurer. U.S. Fire's contract claim is based upon a letter dated January 20, 1981 signed by John E. Walsh on behalf of Hartford and John A. Coyne for U.S. Fire pursuant to which Hartford promised to furnish U.S. Fire with an agreement to the effect that if it were determined that there was any additional coverage available under Hartford's policies, Hartford would reimburse U.S. Fire for all costs and expenses it incurred in defending and indemnifying claims for which Hartford's coverage had not been exhausted. U.S.Fire asserts that in reliance on the January 1981 letter it declined to intervene in a lawsuit by Argonaut, another excess insurer, against Hartford in which Argonaut contended that Hartford's primary coverage had not been exhausted with respect to claims occurring between November 1, 1971 and July 1, 1972.

Pursuant to a Memorandum and Order issued on December 7, 1984 by the Honorable Whitman Knapp, Argonaut's claim against Hartford was voluntarily dismissed on the basis of a stipulation dated December 4, 1984 between the parties. The transcript of the settlement conference that took place before Judge Knapp on December 6, 1984 reveals that Hartford and Argonaut settled the case by entering into an agreement (the "1984 settlement agreement") pursuant to which Hartford paid $506,000 to Argonaut in settlement of the differences between the parties. During the conference, the Federation of Jewish Philanthropies ("FJOP"), the Hartford insured which had also been named a defendant in the Argonaut suit, requested a copy of the settlement agreement between Hartford and Argonaut. Hartford objected, and Judge Knapp denied the request on the grounds that FJOP was not a necessary party to the dispute between Hartford and Argonaut.

In the present action, U.S. Fire has sought to discover the contents of the 1984 settlement agreement, *inter alia,* by serving a request for admission pursuant to Rule 36(a). U.S. Fire contends that Hartford's willingness to pay $506,000 to settle a lawsuit that involved a claim identical to the claim that it has asserted in this lawsuit, namely, that Hartford's aggregate coverage was not exhausted for the relevant time period, is proof that additional coverage was available under the Hartford policies. Because Hartford has failed to come forth and reimburse U.S. Fire pursuant to the terms of the 1981 letter, U.S. Fire contends that Hartford has breached that letter agreement. U.S. Fire contends further that Hartford's attempt to resist every effort by U.S. Fire to discover the terms of the 1984 settlement agreement constitutes a breach of its fiduciary duty to U.S. Fire as excess insurer.

■ U.S. Fire has claimed that Endorsement L3034–0 increased the limits of Hartford's liability under the main policy, that therefore Hartford's aggregate coverage as primary insurer had not been exhausted, that Hartford breached the 1981 letter agreement by failing to reimburse U.S. Fire for the unexhausted coverage, and that Hartford has breached its duty to deal fairly and in good faith with U.S. Fire. However, the initial Argonaut lawsuit did not result in a judicial determination that

additional coverage was available under the Hartford policies. Instead, it resulted in a voluntary dismissal with no admissions on the record by either party. Therefore, with respect to U.S. Fire's present motion for summary judgment, an issue of fact remains as to the extent of coverage under the Hartford policies, as described in the Special Master's Memorandum Report and the memorandum opinion dated December 11, 1987, and, as an ancillary matter, whether Hartford and Argonaut conspired to achieve a settlement in 1984 that caused harm to U.S. Fire.

■ Hartford's duty, however, to exercise the utmost good faith in its dealings with U.S. Fire, its excess insurer, is well established in the case law. New York courts have held that a primary insurer owes a fiduciary duty directly to its excess insurer to exercise good faith in handling the defense of claims and to safeguard the rights and interests of the excess insurer. *Hartford Accident & Indem. Co. v. Michigan Mut. Ins. Co.,* 61 N.Y.2d 569, 475 N.Y.S.2d 267, 269, 463 N.E.2d 608, 610–11, (1984); *see also Russo v. Rochford,* 123 Misc.2d 55, 472 N.Y.S.2d 954 (S.Ct. Queens Cty. 1984). The Appellate Division, First Department, recently relied on the decision in *Hartford Accident & Indem. v. Michigan Mut. Ins.* in holding that a primary insurer could not use the attorney-client or work-product privileges as a shield to prevent disclosure of information that was relevant to an excess insurer's bad faith action against the primary insurer. *Zurich Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 137 A.D.2d 401, 524 N.Y.S.2d 202, 203 (1st Dep't 1988).

Here, Hartford's duty to exercise good faith in its dealings with U.S. Fire requires that it disclose to U.S. Fire the terms under which it settled Argonaut's claim that additional coverage remained on the main Hartford policies. Although Hartford contends that disclosure of the 1984 settlement agreement would violate the stipulation of voluntary dismissal and order dated December 4, 1984 and Judge Knapp's Memorandum and Order dated December 7, 1984, neither the stipulation nor Judge Knapp's order expressly requires that the settlement agreement remain confidential, nor did Judge Knapp orally issue an order to that effect. Finally, in papers submitted to the court on the instant motions, Argonaut has stated that it has no objection to disclosing the 1984 settlement agreement to U.S. Fire.

Upon the findings and conclusions set forth above, U.S. Fire's motion for summary judgment is denied. U.S. Fire's motion to compel discovery is granted, and Hartford is directed to produce a copy of the 1984 settlement agreement to U.S. Fire and to respond in good faith to all other inquiries by U.S. Fire concerning the terms thereof.

IT IS SO ORDERED.