■ JOHN DOE, Respondent, v ROE, INC., Appellant.—Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered April 3, 1989, which denied defendant-appellant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

The allegations in the complaint, which must be deemed true for the purposes of this motion, are sufficient to state a cause of action for unlawful discrimination under the New York State Human Rights Law (Executive Law § 296 [1] [a]).

Plaintiff-respondent contends that the metabolites* found in his urine specimen resulted from his consumption of a health food bread containing poppy seeds and not from unlawful opiate abuse. Although the urine sample was subjected to two different testing methods, both of which revealed positive results, it is alleged that there is a third testing method which would definitively distinguish the metabolites resulting from opiate use. While employers have broad discretion in setting hiring standards and administering tests to ensure that prospective employees meet those standards, the employer must show "that the standard or test bears a rational relationship to and is a valid predictor of employee job performance, and that it does not create an arbitrary, artificial and unnecessary barrier to employment which operates invidiously to discriminate on the basis of an impermissible classification." *(Matter of Sontag v Bronstein,* 33 NY2d 197, 201.) While appellant may be legitimately entitled to discriminate against users of controlled narcotic substances, when challenged it must come forward with evidence establishing that its testing method accurately distinguishes between opiate users and consumers of lawful foodstuffs or medications.

We note that the definition of disability in the Human Rights Law (Executive Law § 292 [21] [c]) is broad enough to embrace persons who, like plaintiff, contend they are not disabled but whom the potential employer perceives (wrongfully) to be disabled.

As stated in the opinion of the General Counsel of the State Division of Human Rights in *Moxley v Regional Tr. Auth.* (Oct. 28, 1987): "The Human Rights Law forbids discrimination against disabled persons, including drug abusers, who are able to perform their jobs. *It also protects persons who are erroneously believed to be drug abusers—as may happen when someone is labelled a drug abuser based upon a false test result."* (Emphasis added.) Concur—Kupferman, J. P., Milonas, Wallach and Smith, JJ.

---

* Morphine is a metabolite of heroin and is the form in which heroin is detected in the urine. Codeine, in addition to being a prescription drug, is a metabolite of morphine. It is contended that even the most specific test procedure, gas chromatography with mass spectrometry (GC/MS) (which Roe apparently used) cannot distinguished the morphine and codeine resulting from poppy seed consumption from the morphine and codeine that are metabolized from heroin and are contained in prescription drugs. This must be done by an additional test for the presence of 0-6-monoacetylmorphine.