HARTFORD ACCIDENT AND
INDEMNITY COMPANY,
Plaintiff,

v.

COMMERCIAL UNION INSURANCE
COMPANY and Minuteman Press
International, Inc., Defendants.

No. CV 89–0949.

United States District Court,
E.D. New York.

Nov. 27, 1990.

O'Brien, McGarry, Murtagh & Mayer by Kevin J. Murtagh, Rockville Centre, N.Y., for plaintiff.

Donovan, Maloof, Walsh & Repetto, New York City, for defendant Commercial Union.

Herz & Ryder by Edward B. Ryder, Farmingdale, for defendant Minutemen Press.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff Hartford Accident and Indemnity Company ("Hartford"), sues defendant Commercial Union Insurance Company ("Commercial Union") for breach of a fiduciary obligation. More particularly, Hartford alleges that Commercial Union is the issuer of a primary insurance policy, and that Hartford is the issuer of an umbrella liability policy. Consequently, Hartford alleges that it is to be considered an excess insurance carrier, and that Commercial Union, as the issuer of a primary insurance policy, breached the fiduciary obligation owed by a primary carrier to an excess carrier. Commercial Union alleges that it was not a primary insurance carrier under the umbrella liability policy issued by Hartford, and further, that even if it is found to be a primary insurance carrier, it did not breach the fiduciary obligation owed by a primary carrier to an excess insurer. Currently before the Court is Commercial Union's motion for summary judgment. For the reasons stated below, the motion is denied.

## BACKGROUND

Hartford is a Connecticut corporation engaged in the business of underwriting insurance. It issued an umbrella liability policy to Minuteman Press International, Inc., ("Minuteman") covering the period from June 18, 1985 through June 18, 1986. That umbrella liability policy provided, *inter alia*, watercraft liability coverage to Minuteman for all owned watercraft and all non-owned watercraft. Commercial Union is a Massachusetts corporation also engaged in the business of underwriting insurance, and in particular marine insurance, including but not limited to marine yacht policies. Commercial Union issued an insurance policy to Minuteman covering the period from September 9, 1985 through September 9, 1986. This policy pertained to a 1982 Striker fifty-foot sport fishing boat, and provided coverage in the amount of $500,000. Although the policy covered bodily injury, it contained an exclusion which provided that "[n]otwithstanding anything contained herein to the contrary, it is further understood and agreed that this Company will not pay for any loss, damage, expense, or claim with respect to paid employees of the Assured and paid members of the crew." Notice of Motion at exhibit 1.

The present dispute originated when Michael Jutt ("Jutt"), an employee of Minuteman, was injured while on a fishing expedition aboard the vessel described above, on February 11, 1986. It is to be noted that Jutt was on vacation at the time, and that on the date of the occurence, both insur-

ance policies were in effect. Upon returning from the vacation, Jutt notified Minuteman that he would be filing a claim for personal injury. Minuteman, in turn, notified its insurance broker, Daniel Browne ("Browne"), of the J. Nicholas Krug Agency ("Krug Agency"), of the claim.

After the claim was filed, a marine claims adjuster for Commercial Union wrote to the Krug Agency and advised that, since Jutt was an employee of Minuteman, the policy would not cover his injuries. Browne then wrote to Commercial Union for clarification of the coverage provided by the policy, and specifically, the meaning of the employee exclusion. In his letter, Browne wrote that "[i]t is our understanding that the exclusion would not apply to employees on vacation that are on the boat as guests of their employer." He wrote further that "[a]n employee on the boat as a guest would not be able to claim worker's compensation benefits."

Notwithstanding the objections by Browne, Commercial Union continued to disclaim liability and thereafter informed Minuteman that based on the aforementioned exclusion, it did not owe a duty to defend or indemnify Minuteman in the suit brought by Jutt. Hartford, which was advised of Commercial Union's position, informed Minuteman that although the primary carrier was denying coverage, the umbrella liability policy issued by Hartford would provide coverage with respect to the lawsuit. However, Hartford reserved its right to proceed against Commercial Union until a factual investigation could be accomplished.

Commercial Union thereafter commenced a declaratory judgment action against Minuteman seeking a statement that Commercial Union had no liability under the terms and conditions of the yacht policy based on the employee exclusion. That action was later terminated by the filing of a stipulation of discontinuance. In addition, a release was given by Minuteman to Commercial Union, which released Commercial Union from any duty to defend or indemnify Minuteman in the Jutt action.

The Jutt action was eventually settled for the sum of $145,000. Minuteman paid its $10,000 self-insured retention, and Hartford, notwithstanding its insistence that Commercial Union take over the defense of Minuteman, paid the remaining $135,000. Hartford then filed this suit against Commercial Union, alleging that Commercial Union breached its fiduciary obligation to Hartford, and seeking damages in the amount of the $135,000 paid to Jutt for the settlement, as well as $30,000 incurred in legal fees.

## SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a party is entitled to summary judgment when it is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The Second Circuit reiterated the summary judgment standards in *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54 (2d Cir.1987). There, the court stated that "[t]he burden falls on the moving party to establish that no relevant facts are in dispute." 834 F.2d at 57 (citations omitted). Moreover, the court restated its well-established position that in deciding whether or not a genuine issue has been raised, the district court "must resolve all ambiguities and draw all reasonable inferences against the moving party." 834 F.2d at 57 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curium); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980)).

In the case at bar, this Court finds that there remain factual disputes which bear directly on the controversy. As noted above, Hartford asserts that Commercial Union was a primary carrier as to Hartford's umbrella liability policy, and therefore had a duty to defend and indemnify Minuteman in the suit brought by Jutt.

Commercial Union contends that it was not a primary carrier under the umbrella liability policy, and, in support of its position, points to the failure of Hartford to list the Commercial Union policy on the schedule of underlying insurance annexed to the Hartford policy. Hartford responds to that point by arguing that the policy was not listed on the schedule because it was issued after the umbrella liability policy was written. Hartford additionally asserts that this fact in no way precludes Commercial Union from being considered a primary carrier.

With respect to the issue of an alleged duty owed by Commercial Union to Hartford, factual issues remain which preclude an award of summary judgment. Assuming that Commercial Union, despite its position to the contrary, can be characterized as the issuer of a primary insurance policy which would have to be exhausted prior to Hartford's coverage being implicated, Hartford does appear to have sufficiently stated a claim under New York law. *Hartford Accident & Indem. Co. v. Michigan Mutual Ins. Co.*, 61 N.Y.2d 569, 475 N.Y. S.2d 267, 269, 463 N.E.2d 608, 610 (1984) (citation omitted); *see generally,* B. Ostrager & T. Newman, *Handbook on Insurance Coverage Disputes* § 11.07 (3d ed. 1990) (discussing a direct right of action by an excess carrier against a primary insurer).

Certainly, a question of fact exists regarding the parties' *intent* as to whether the Commercial Union policy would have to be exhausted prior to Hartford's coverage being implicated. The presence of this issue of fact is confirmed in part by a clause in the Hartford umbrella liability policy which states that the policy is in excess "over any other valid and collectible insurance ... available to the insured ... whether or not described in the Extension Schedule of Underlying Insurance Policies...." Notice of Motion at exhibit 2. Accordingly, it cannot be said that Commercial Union, as the moving party for summary judgment, has adequately met its burden on this issue.

Furthermore, Hartford asserts that the exclusion in the Commercial Union policy would not apply to an employee aboard the vessel while *on vacation.* At the very least, Hartford asserts that the exclusion is ambiguous and will need to be interpreted. In response, Commercial Union simply states that the exclusion is clear and unambiguous, and that it had no duty to defend or indemnify Minuteman. However, the Court is mindful of the reasoning behind the general rule that courts will consider extrinsic evidence of the parties' intentions where the meaning of an insurance policy is not clear. *See Schering Corp. v. Home Ins. Co.*, 712 F.2d 4, 9–10 (2d Cir.1983); *see also* B. Ostrager & T. Newman, *Handbook on Insurance Coverage Disputes* § 1.03 (3d ed. 1990). Accordingly, the Court finds that interpretation of the exclusion at issue is a question not properly decided on a summary judgment motion. *Schering,* 712 F.2d at 10.

By way of illustration, although the Court takes no position on the ultimate merit of Commercial Union's argument, it may be that a reasonable interpretation of the parties' intentions would support the view that an employee on vacation, and therefore not able to collect worker's compensation, should be treated as any other passenger on the boat, thus implicating the Commercial Union policy. Thus, the Court concludes that genuine issues of material fact remain. Fed.R.Civ.P. 56(c).

## CONCLUSION

Based on the factual disputes outlined above, and drawing all reasonable inferences in favor of the non-moving party, *Donahue,* 834 F.2d at 57, this Court finds that plaintiff has presented adequate facts with which to make out the elements of its claim, and that defendant has not controverted those facts so as to show that it is entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Donahue,* 834 F.2d 54 (2d Cir.1987); *Winant v. Carefree Pools,* 709 F.Supp. 57 (E.D.N.Y.1989). According-

ly, Commercial Union's motion for summary judgment is denied.

SO ORDERED.