■ JOHN DOE, Respondent, v ROE, INC., Appellant. [607 NYS2d 234] —Order, Supreme Court, New York County (Carol Arber, J.), entered on or about February 8, 1993, which granted defendant's motion to compel plaintiff to respond to various EBT questions only to the extent of directing that defendant may inquire (1) whether the plaintiff used opiate drugs and, (2) whether plaintiff used these drugs at the time he applied for the position at defendant company, unanimously affirmed, with costs.

We have previously held that this employment discrimination case turns on whether or not defendant can establish that its urinalysis testing method, which showed that plaintiff's system contained metabodies which plaintiff alleges came from poppy seeds, "accurately distinguishes between opiate users and consumers of lawful foodstuffs or medications" (160 AD2d 255, 256). Since the accuracy of the tests, on the basis of which defendant concluded that plaintiff used opiates, is relevant, it was not an abuse of discretion to reject defendant's demands for broad deposition answers about any past or present use by plaintiff of any drug *(see, Litemore Elec. Co. v City of New York,* 96 AD2d 1022, 1023). Concur—Carro, J. P., Rosenberger, Ellerin and Wallach, JJ.