■ ANTHONY SCARDACE et al., Respondents, v MID ISLAND HOSPITAL, INC., et al., Appellants. [800 NYS2d 42]—

In an action, inter alia, to recover damages for discrimination and hostile work environment pursuant to Executive Law § 296, the defendants appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Suffolk County (Werner, J.), dated February 4, 2003, which, among other things, denied those branches of their motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (5) and for summary judgment dismissing the first and fifth causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the fifth cause of action and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Anthony Scardace, who was employed by the defendant Mid Island Hospital, Inc., allegedly was subjected to a hostile work environment and discriminatory discharge based on the defendants' perception that he was infected with the human immunodeficiency virus (hereinafter the HIV-virus). Although Scardace was not infected with the HIV-virus, he may nevertheless seek redress pursuant to Executive Law § 296 (1) (a), "on the theory that, having been mistakenly evaluated as being at a higher than normal risk of HIV infection, he was incorrectly thought to be affected by a disability" (*Matter of North Shore Univ. Hosp. v Rosa*, 194 AD2d 727, 729 [1993], *affd* 86 NY2d 413 [1995]; *see Doe v Roe, Inc.*, 160 AD2d, 255, 256 [1990]).

The plaintiffs alleged that Scardace was perceived to be infected with the HIV-virus, was discharged from a position he was qualified to hold, and was subjected to discriminatory conduct. However, in support of their motion for summary judgment dismissing the complaint, the defendants made a prima facie showing that there was a legitimate nondiscriminatory reason for the discharge. The evidence clearly indicated that the defendant Mid Island Hospital, Inc. (hereinafter Mid Island), was in dire financial straits, requiring the layoffs of several people, not only Scardace. This was a legitimate reason for terminating employees without offering to assign them to different positions (*see Matter of Laverack & Haines v New York State Div. of Human Rights*, 88 NY2d 734, 738 [1996]). In op-

position, the plaintiffs failed to raise a triable issue of fact as to whether Mid Island's explanation was pretextual (*see Ioele v Alden Press*, 145 AD2d 29, 37 [1989]). The newspaper advertisement submitted by the plaintiffs, which purported to advertise the same job Scardace held with the same credentials he possessed, was undated and uncertified. In any event, according to Scardace's affidavit, this advertisement appeared in the paper *four years* after he was discharged. Accordingly, the Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing the fifth cause of action alleging discriminatory discharge.

The defendants' contention that the plaintiffs' claims were expunged by order of the United States Bankruptcy Court for the Eastern District of New York and therefore the complaint should have been dismissed in its entirety is without merit. The Supreme Court correctly determined that the doctrines of res judicata and collateral estoppel were not applicable, as the Bankruptcy Court lacked personal jurisdiction over the plaintiffs. It was uncontroverted that the plaintiffs never received proper notice of that proceeding (*see Leab v Streit*, 584 F Supp 748, 760 [1984]; *Securities & Exchange Commn. v Gilbert*, 82 FRD 723, 726 [1979]; *Rixner v White*, 417 F Supp 995, 997 [1976]).

The defendants' remaining contentions are without merit. Schmidt, J.P., Krausman, Crane and Fisher, JJ., concur.