| |
|---|
| **Clarke Contr. LLC v Promethean Bldrs. LLC** |
| 2025 NY Slip Op 33028(U) |
| August 4, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 656229/2023 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LYLE E. FRANK**

*Justice*

PART **11M**

-----------------------------------------------------------------------------X

CLARKE CONTRACTING LLC,

INDEX NO. 656229/2023

Plaintiff,

MOTION DATE 03/17/2025, 05/20/2025

- v -

MOTION SEQ. NO. 005 007

PROMETHEAN BUILDERS LLC, ROBERT J. HUBNER,

Defendant.

-----------------------------------------------------------------------------X

**DECISION + ORDER ON MOTION**

PROMETHEAN BUILDERS LLC, ROBERT HUBNER

Plaintiff,

Third-Party
Index No. 595259/2024

-against-

MICHAEL CLARKE, JC ELITE CONSTRUCTION SERVICES, LLC

Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 144, 154, 165, 166, 167, 168, 171, 172, 173, 180

were read on this motion to/for             DISCOVERY                     .

The following e-filed documents, listed by NYSCEF document number (Motion 007) 182, 183, 184, 185, 192, 193, 194, 195, 197

were read on this motion to/for       QUASH SUBPOENA, FIX CONDITIONS      .

Upon the foregoing documents, motion 005 is granted in part and the cross-motion is

granted in part, and motion 007 is denied.

**Background**

These discovery motions arise out of a dispute between two business partners related to

their construction company Promethean Builders, Inc. (collectively with Robert Hubner, the

"Defendants"). Promethean was initially financed by third-party defendant Michael Clarke

**656229/2023   CLARKE CONTRACTING LLC vs. PROMETHEAN BUILDERS LLC ET AL
Motion No.  005 007**

**Page 1 of 4**

1 of 4

(collectively with JC Elite Construction Services, LLC and Clarke Contracting LLC the "Plaintiffs"), and managed by Hubner. Clarke and Hubner had a falling out, and this underlying proceeding was brought seeking recovery on the notes that financed Promethean. Defendants have counterclaimed seeking dissolution of Promethean, which Plaintiffs oppose.

**Discussion**

In January of 2025, Defendants filed a Second Request for Production of Documents, which was later revised by letter. In motion seq. 005, Plaintiffs seek a protective order from certain inquiries in the Second Request. Defendants have cross-moved to compel production. Defendants also served subpoenas on two of Plaintiffs' banks. In motion seq. 007, Plaintiffs are seeking to quash these subpoenas. For the reasons that follow, motion 007 is denied. Motion 005 is granted as to the tax returns, and the cross-motion to compel on motion 005 is granted except as to the tax returns.

<u>*There Has Not Been a Showing that the Tax Returns are Necessary*</u>

Defendants seek all tax returns filed by Clarke Contracting and JC Elite. Generally speaking, due to "their confidential and private nature, disclosure of tax returns is disfavored. The party seeking disclosure must make a strong showing of necessity and demonstrate that the information contained in the returns is unavailable from other sources." *Williams v. New York City Hous. Auth.* 22 A.D.3d 315, 316 [1st Dept. 2005]. Defendants claim that Mr. Clarke's financial situation is "material and necessary" to this litigation but have failed to make a strong showing of necessity. Neither have they met their burden of demonstrating that the financial information sought cannot be obtained from other sources. Therefore, the Plaintiffs are here entitled to a protective order as regards the tax returns.

<u>*The Lawsuit Documents Sought Are Not Overbroad*</u>

**656229/2023   CLARKE CONTRACTING LLC vs. PROMETHEAN BUILDERS LLC ET AL**          **Page 2 of 4**
**Motion No.  005 007**

2 of 4

[* 2]

Defendants are seeking all documents related to and all discovery exchanged in twenty-five lawsuits in which Plaintiffs are a party. They agreed in a letter dated July 9, 2025, to somewhat narrow the scope of the documents sought. Defendants are seeking the information because they are seeking to establish that Plaintiffs have failed to pay their subcontractors. Plaintiffs object to the demand as an overbroad fishing expedition. Plaintiffs object to the use of the phrase "all documents", but when "the documents are sufficiently described so that [the other party] may readily understand what it is they are required to produce", the phrase is not overbroad. *Scheinfeld v. Burlant*, 98 A.D.2d 603, 603 [1st Dept. 1983]; *see also Engel v. Hagedorn*, 170 A.D.2d 301, 301 [1st Dept. 1991]. The Court finds that the demand for the lawsuit information and potential trust fund violations in the Revised Second Document Request are not overbroad.

### *Motion Seq. 007 and the Bank Records Are Not Utterly Irrelevant*

Defendants have served subpoenas on two of Plaintiffs' banks. They are seeking the production of all account statements for the period of April 30, 2020, to present as well as all account opening statements for Plaintiffs' accounts. Their theory is that the funds used to invest in Promethean came from trust funds for subcontractors on other unrelated construction projects. Plaintiffs move in motion seq. 007 to quash these subpoenas as overbroad and irrelevant. Their main argument as to why the records sought are irrelevant is that it seeks information prior to the formation of Promethean. But the purpose for seeking the records in question is to determine the source of the funding that started Promethean, thus making the bank records prior to formation relevant to that inquiry. The party that moves to quash a subpoena seeking discovery from a non-party bears the burden of showing "either that the discovery sought is 'utterly irrelevant' to the action or that the 'futility of the process to uncover anything legitimate is inevitable or obvious'."

**656229/2023   CLARKE CONTRACTING LLC vs. PROMETHEAN BUILDERS LLC ET AL**          **Page 3 of 4**
   **Motion No.  005 007**

3 of 4

*Matter of Kapon v. Koch*, 23 N.Y.3d 32, 34 [1st Dept. 2014]. Plaintiffs here have not met that burden. Accordingly, it is hereby

ADJUDGED that motion 007 is denied; and it is further

ADJUDGED that motion 005 is granted as to the production of tax records sought in the Second Request, Inquiries No. 5(0), (p), and (r), and 6(n), (o), and (q), and denied as to the rest; and it is further

ADJDUGED that the cross-motion to compel on motion 005 is granted except as to the tax records listed above; and it is further

ORDERED that within 60 days of the service of this order with notice of entry, plaintiffs shall comply with the Revised Second Request for Documents, with the exception of the tax records identified above.

20250804115746LFRANK860B4 A7C62141538DF34DC3775C9299

| **8/4/2025** | | | | |
| **DATE** | | | | **LYLE E. FRANK, J.S.C.** |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 4]