Nazath v Our Lady of Consolation Nursing & Rehabilitative Care Ctr. (2025 NY Slip Op 04796)

Nazath v Our Lady of Consolation Nursing & Rehabilitative Care Ctr.

2025 NY Slip Op 04796

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-06250
 (Index No. 615567/22)

[*1]Kristy Nazath, respondent, 
v
Our Lady of Consolation Nursing & Rehabilitative Care Center, et al., appellants.

Harris Beach PLLC, Uniondale, NY (Roy W. Breitenbach, Erin M. Peradotto, and Christopher C. Palermo of counsel), for appellants.
Goddard Law PLLC, New York, NY (Megan Goddard of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination and unlawful retaliation in violation of the New York State Human Rights Law, the defendants appeal from an order of the Supreme Court, Suffolk County (Paul M. Hensley, J.), dated June 5, 2023. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first and second causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Following the termination of her employment, the plaintiff commenced this action against her former employer, the defendant Our Lady of Consolation Nursing & Rehabilitative Care Center (hereinafter the Center), and three individual defendants who were employees of the Center (hereinafter collectively the defendants), seeking, inter alia, to recover damages for employment discrimination and unlawful retaliation in violation of the New York State Human Rights Law (NYSHRL) (Executive Law § 296). The plaintiff alleged, among other things, that she suffered discrimination on the basis of a perceived disability, infection with the COVID-19 virus, and unlawful retaliation for opposing such discrimination. The defendants moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the first cause of action, alleging employment discrimination, and the second cause of action, alleging unlawful retaliation. In an order dated June 5, 2023, the Supreme Court, among other things, denied those branches of the defendants' motion. The defendants appeal.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Gorbatov v Tsirelman, 155 AD3d 836, 837; see Silvers v Jamaica Hosp., 218 AD3d 817, 818). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal shall not eventuate" (Clevenger v Yuzek, 222 AD3d 931, 934; see [*2]Guggenheimer v Ginzburg, 43 NY2d 268, 275).
The NYSHRL, as relevant here, prohibits employment discrimination on the basis of actual or perceived disability (see Executive Law §§ 292[21][a], [c]; 296[1][a]; Matter of North Shore Univ. Hosp. v Rosa, 86 NY2d 413, 417-419; Scardace v Mid Is. Hosp., Inc., 21 AD3d 363, 364) and retaliation for opposing such discrimination (see Executive Law § 296[1][e]; Diluglio v Liberty Mut. Group, Inc., 230 AD3d 643, 645). Courts must construe the NYSHRL "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible" (Syeed v Bloomberg L.P., 41 NY3d 446, 451 [internal quotation marks omitted]; see Executive Law § 300; Matter of Argyle Realty Assoc. v New York State Div. of Human Rights, 65 AD3d 273, 282).
Here, accepting the facts as alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference, the complaint sufficiently stated causes of action alleging employment discrimination on the basis of perceived disability (see Executive Law § 292[21][c]; Duchemin v Village of E. Hampton, 222 AD3d 715, 716-717) and retaliation in violation of the NYSHRL (see Executive Law § 296[1][e]; Kaplan v New York City Dept. of Health & Mental Hygiene, 142 AD3d 1050, 1051-1052).
The plaintiff's remaining contentions are not properly before this Court.
Accordingly, we affirm the order insofar as appealed from.
IANNACCI, J.P., CHRISTOPHER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court