In the Matter of the Arbitration between ZIM ISRAEL NAVIGATION COMPANY LTD., Appellant, and SEALANES INTERNATIONAL INC., Respondent.

First Department, December 18, 1962.

*Leo Guzik* of counsel (*Stanley D. Halperin* with him on the brief; *Guzik & Boukstein,* attorneys), for appellant.

*Robert Mishkin* of counsel (*John J. Reilly* with him on the brief; *Meiselman, Mishkin & Reilly,* attorneys), for respondent.

STEVENS, J. These are appeals from (1) an order entered June 21, 1962, denying petitioner's motion to compel arbitration, and (2) an order entered July 16, 1962, which set aside and vacated service of the petition and order to show cause (to compel respondent to arbitrate) based thereon, and denied petitioner's cross motion to consolidate respondent's motion to vacate with the application of petitioner for an order directing respondent to proceed to arbitration, as resettled by order entered September 13, 1962.

The petitioner-appellant, Zim Israel Navigation Company, Ltd. (herein Zim), a corporation of Israel, and respondent, Sealanes International, Inc. (herein Sealanes), an Illinois corporation, entered into an agreement for one year, effective February 1, 1960, whereby Zim appointed Sealanes as its agent for the Great Lakes General Agency. The agreement was executed in New York. Sealanes does not have an office and is not registered to do business in New York. Its principal office is in Illinois, and the area embraced within its operations under the agreement is "Great Lakes Service between U. S. Great Lakes Ports and Mediterranean Ports", with authority to appoint subagents in all "U. S. A. Lake Ports, as well as solicitation agent in New York City."

The agreement contained a provision for arbitration in the following language: "12. Disputes, if any, are to be settled by arbitration, the Owners and the Agent each nominating one arbitrator. In case both arbitrators cannot come to an agreement, same to appoint a third arbitrator to act as umpire, whose decision shall be final and binding on both parties. If the two arbitrators cannot decide upon the nomination of the third arbitrator, either of them is entitled to apply to the New York Shipping Association for a nomination of the umpire."

Disputes arose between the parties and Zim sought an order pursuant to section 1450 of the Civil Practice Act, for service by registered mail upon Sealanes and a direction that the parties proceed to arbitration. Service of the show cause order was made by registered mail and Sealanes appeared specially on the return date and objected to the jurisdiction of the court. Sealanes also moved to vacate the petition and order to show cause by motion returnable June 13, 1962.

The court vacated and set aside service on the ground there was nothing to show the parties agreed to arbitrate in New York, and denied the motion to compel arbitration. Zim appeals,

contending, as it did below, the parties intended disputes to be arbitrated in New York. Sealanes disputes this contention.

It is correct that the agreement does not provide in direct language that arbitration shall be held in New York. However, reference to the document is enlightening on the question of the intention of the parties. The agreement was executed in New York; it is provided, *inter alia,* that Sealanes has authority to appoint subagents in all United States of America Lake Ports, as well as a solicitation agent in New York City; it may obtain funds required by agents for prompt payment of Zim's accounts of all expenses connected with operations of owner's vessels either by retaining funds collected, or alternatively by obtaining prompt remittances for such expenses from owners in New York; certain forms are to be prepared in quadruplicate with one copy being given to Zim's representative in Chicago and one sent to New York, as are regular monthly statements showing debits and credits; and Sealanes is to pay for their own account all subagents at United States of America Great Lake Ports and New York.

The arbitration provision heretofore quoted establishes one outstanding fact, viz., the parties intended to arbitrate disputes. It declares the procedure to be followed in the selection by each of an arbitrator and, should they be unable to reach agreement between themselves, the two to select a third arbitrator to serve as umpire. If unable to decide upon such third person either of them was given the right to apply to the New York Shipping Association for nomination by it of the umpire. The association maintains its offices at 80 Broad Street, New York, New York, and the scope of its activities is chiefly if not entirely within the City of New York. There are thus significant contacts with New York contemplated and provided for in the agreement.

Neither party contends that it was the intention of the parties to arbitrate in Israel in the event disputes arose between them, so that prospect need not be considered.

Since we are permitted to take judicial notice of the laws of a sister State (Civ. Prac. Act, § 344-a), we look to ascertain the law of Illinois as it existed at the time the parties made their agreement. We find that Illinois then considered void any agreement to submit future disputes or controversies to arbitration (10 Smith-Hurd Ill. Ann. Stat., § 1; *Cocalis* v. *Nazlides,* 308 Ill. 152). It will not be held the parties intended to engage in a useless or futile act, but on the contrary intended to execute an agreement valid and binding in all respects. We recognize that the old laws in Illinois regarding arbitration (§§ 1–18, *supra*) were repealed August 24, 1961. Section 101

*et seq.* of the Uniform Arbitration Act became effective, so that agreements to arbitrate future controversies are now permissible under Illinois law. However, it is the intention of the parties as it existed at the time the agreement was executed which must control.

We look then to the third place of likely arbitration, i.e., New York. We find that under New York law as it existed then and now parties could contract to settle by arbitration a controversy thereafter arising between them and such contract is valid (Civ. Prac. Act, § 1448).

The arbitration provision in the agreement under consideration was valid under the law of New York, but invalid under Illinois law at the time of execution. The agreement was executed in New York, there are significant references to New York, to the Shipping Association, and, in performance, a continuing relationship with New York. The dominant intent was to arbitrate disputes, and it ought to be presumed, in construing the agreement, that the parties had in mind a meaning which would give effect to their intentions (cf. *Matter of Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N. Y. 284).

In light of the foregoing we find it was the manifested intent of the parties to arbitrate in New York.

Accordingly, the orders appealed from should be reversed on the law and the facts and the motion to compel arbitration granted (see Civ. Prac. Act, § 1450), with costs to appellant.

Botein, P. J., Breitel, Rabin and Valente, JJ., concur.

Order entered on June 21, 1962 and order entered on July 16, 1962, as resettled by order entered on September 13, 1962, unanimously reversed on the law and the facts, with $20 costs and disbursements to the appellant, and the motion to compel arbitration granted, with $10 costs.