**UNITED NATIONAL INS. CO.,**
**Plaintiff–Appellee,**

v.

**The TUNNEL, INC., Defendant,**

v.

**Jeffrey BERNSTEIN, Defendant–**
**Appellant.**

**No. 979, Docket 92–9123.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 24, 1993.

Decided March 16, 1993.

Michael A. Calano, New York City (Calano & Calano, New York City, of counsel), for defendant-appellant.

Sheryl E. Katz, New York City (Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, of counsel), for plaintiff-appellee.

Before: WALKER and McLAUGHLIN, Circuit Judges, and GRIESA, District Judge.*

* Honorable Thomas P. Griesa, United States District Judge for the Southern District of New

McLAUGHLIN, Circuit Judge:

Jeffrey Bernstein was injured in an altercation with a bouncer at a nightclub, known as the Tunnel. He sued in New York Supreme Court for his injuries, and that action is still pending. The Tunnel carried a liability insurance policy with United National Insurance Company ("UNI") which brought an action in the United States District Court for the Southern District of New York for a declaratory judgment disclaiming liability because the injury was the result of an assault and battery and this was expressly excluded from coverage. UNI then moved for summary judgment under Fed.R.Civ.P. 56. The district court granted the motion and Bernstein appealed.

### BACKGROUND

One summer's evening in 1989 plaintiff, Jeffrey Bernstein, waited on line in the hope that he would be selected for admission to a fashionable Greenwich Village nightclub known as the Tunnel. Fortune smiled upon him when the doorman picked Bernstein from the faceless mass and ushered him inside. Lamentably, things then went downhill. As he weaved his way through the joyful revelers, Bernstein stepped on another patron's toe, and although some unpleasant words were bandied, no blows were exchanged. The club bouncer, however, saw this incident through different eyes and decided to eject Bernstein. For reasons never made clear in the record the bouncer decided to display his martial arts skills, the upshot being that Bernstein's next memory is waking up two weeks later in St. Vincent's Hospital where he had been admitted in a coma and with a fractured skull.

On September 9, 1989, Bernstein sued the Tunnel in New York Supreme Court, alleging in his first cause of action, as relevant here, that his injuries had been caused by the club's negligent hiring of the bouncer who had thrown him from the club and by "the defendant bouncers' [sic] negli-

York, sitting by designation.

gence in creating the dangerous violent atmosphere and in using excessive force...." In his second cause of action, Bernstein alleged that his injuries were "solely and wholly as a result of defendant bouncers' [sic] intentionally striking the plaintiff...." Other statements in his complaint, and subsequent statements in his bill of particulars and deposition indicated that his claim was that the bouncer had intentionally beaten him. He sought $1 million for each cause of action.

The Tunnel notified its insurer, UNI, which promptly advised that it was not liable to anyone on the policy because there was an exclusion for:

Claims arising out of an assault and/or battery, whether caused by or at the instigation of, or at the direction of, or omission by, the Insured, and/or his employees.

On February 15, 1990, UNI brought a declaratory judgment action in the Southern District, requesting the court to recognize that its assault and battery exclusion barred coverage for Bernstein's claim.

Bernstein, obviously recognizing the strength of UNI's position, filed an amended complaint in the state action, in which he deleted from the second cause of action his allegations that the bouncer's conduct had been an assault and battery or was, in any other way, intentional. Now he alleged "[t]hat said occurrence took place solely and wholly as the result of the defendant bouncers' [sic] negligence in causing injuries he did not intend to inflict." He also alleged that even if the bouncer had intended to strike him, he did not intend the specific injuries he caused, and therefore Bernstein's claim still arose from the bouncer's negligence.

UNI subsequently moved for summary judgment in the federal declaratory judgment action, claiming that the policy exclusion unambiguously excluded coverage for Bernstein's claim. It argued that: (1) although Bernstein's amended complaint in the state action now "sounded" in negligence, this was a transparent attempt to fashion a claim for which UNI would be liable and the raw facts of his complaint indicated that the cause of action arose from an assault and battery; and (2) even if Bernstein's complaint was an appropriate negligence claim, it should still be rejected because the exclusion covered "so-called unintentional assaults and/or batteries."

Judge Lowe accepted the latter argument, holding that: "[a]s the assault and battery exclusion unambiguously extends to intentional and negligent acts, summary judgment in UNI's favor is appropriate." She therefore held that UNI was not obligated to defend or indemnify The Tunnel, and Bernstein now appeals. We affirm, although we arrive at that result by a route somewhat different from that taken by the district court.

## DISCUSSION

■ Analysis begins with a recognition of the mutual exclusivity of negligence and battery. "There is no such cause of action as negligent assault and battery. An assault and battery is an intentional act, whereas negligence is unintentional." *State Farm Fire & Casualty Co. v. van Gorder*, 235 Neb. 355, 455 N.W.2d 543, 545 (1990); *see also Martin v. Yeoham*, 419 S.W.2d 937, 944 (Mo.Ct.App.1967) ("It is elementary that the words 'negligence' and 'intentional' are contradictory and that 'negligence' is not synonymous with 'intentional action.' "). In this case the district court concluded that it made no difference under the policy whether the bouncer acted negligently or intentionally, for in either event the policy did not cover the Bernstein incident. In other words, even if the bouncer struck Bernstein unintentionally, as for example, if the bouncer negligently swung a club that flew out of his hand and struck Bernstein, the UNI insurance policy would not cover the injury. We cannot agree.

The district court relied primarily on *United Nat'l Ins. Co. v. Entertainment Group, Inc.*, 945 F.2d 210 (7th Cir.1991), where the Seventh Circuit considered the same insurance company and, *inter alia*, the same policy provision at issue here. A fifteen-year-old girl had been raped in the restroom of defendant's movie theater.

She sued Entertainment Group, alleging that its negligent control and supervision of the movie theater had made the attack possible. There, as here, UNI brought a declaratory judgment action, arguing that there was no coverage under the assault and battery exclusion of the insurance policy. The district court agreed and granted UNI summary judgment. *Id.* at 212.

On appeal, the Seventh Circuit affirmed, holding that the girl's claim was not covered under the policy because, even if the theater's negligence facilitated the rapist's attack, it would demonstrate only "that Entertainment Group's 'omission' caused her injuries." *Id.* at 213. Because the policy excluded any assault and/or battery caused by the omission of the insured, the Seventh Circuit concluded there was no coverage. We do not disagree.[1]

*Entertainment Group,* however, is easily distinguishable. There the claim was that the theater's negligence *had led to* an undisputed assault and battery, the rape. Here, by contrast, Bernstein's amended complaint, incredible though it may be, contends that there was no assault and no battery because the bouncer never intended to hit Bernstein. By equating the two cases, the district court identified: (1) negligence which subsequently leads to assault and battery, with (2) the concept of a "negligent assault and battery." "Negligent assault and battery" is a contradiction in terms.

We affirm the grant of summary judgment, nevertheless, because we conclude that Bernstein is proceeding on a theory of assault and battery, rather than negligence. As in *Laird v. Nelms,* 406 U.S. 797, 802, 92 S.Ct. 1899, 1902, 32 L.Ed.2d 499 (1972), this is a case where the plaintiff is seeking to recover by "dressing up the substance" of one claim, here a battery, in the "garments" of another, here negligence.

■ Summary judgment is called for where "it clearly appears that the issues are not genuine, but feigned." *Glick &*

*Dolleck, Inc. v. Tri–Pac Export Corp.*, 22 N.Y.2d 439, 441, 293 N.Y.S.2d 93, 94, 239 N.E.2d 725 (1968); *see also Trans–Orient Marine Corp. v. Star Trading & Marine Inc.*, 925 F.2d 566, 572 (2d Cir.1991) ("The rule is well-settled in this circuit that a party may not, in order to defeat a summary judgment motion, create a material issue of fact by submitting an affidavit disputing his own prior sworn testimony."). On the record before us there is simply no credible evidence to submit a negligence case to a jury.

In his first complaint in state court, Mr. Bernstein alleged that the "occurrence took place solely and wholly as a result of defendant bouncers' [sic] intentionally striking the plaintiff in the furtherance of the business of THE TUNNEL CLUB, INC."

This was amplified in a bill of particulars where, in paragraph 6, he alleged that "the defendant's bouncers struck, kicked and beat the plaintiff," and, in paragraph 28 thereof, he alleged that "[t]he manner in which it is claimed that the assault occurred and the weapons or instruments used was [sic] fists and feet, beating plaintiff."

After UNI filed its declaratory judgment action in federal court, in February, 1990, denying coverage for an assault and battery, Mr. Bernstein amended his state court complaint that June to recast it as a negligence action. That this was just artful pleading is evident from a deposition of Mr. Bernstein, taken fifteen months later, wherein he reverted to his original view that his injuries were no accident. He stated in his deposition that The Tunnel bouncer "grabbed" him around the "arms and neck" and "started to strike me in my face," hitting him three times around the forehead, eye and cheek. Under no view does this constitute negligence.

■ On a motion for summary judgment the court must pierce through the pleadings and their adroit craftsmanship to get at the substance of the claim. Here it

---

1. Although not contested on appeal, we note that Bernstein's "negligent hiring" cause of action is excluded from coverage by the policy provision, because it expressly excludes claims for assault and battery caused by the "omission by, the Insured, and/or his employees."

is plain that Bernstein is alleging that the bouncer intentionally struck him. And that makes it a claim for battery—not covered by the insurance policy. Bernstein's claim that the assault and battery arose from negligence because the bouncer did not intend the specific injuries he caused fares little better. "It is hornbook law in New York, as in most other jurisdictions, that the intent which is an essential element of the action for battery is the intent to make contact, not to do injury." *Lambertson v. United States,* 528 F.2d 441, 444 (2d Cir.), *cert. denied,* 426 U.S. 921, 96 S.Ct. 2627, 49 L.Ed.2d 374 (1976).

Summary judgment is a tool to winnow out from the trial calendar those cases whose facts predestine them to result in a directed verdict. On the motion the court " 'must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought.' " *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980) (quoting *Heyman v. Commerce & Indus. Ins. Co.,* 524 F.2d 1317, 1320 (2d Cir.1975)). Even giving the non-moving party every edge, the question remains: can a reasonable jury on the facts presented find in his favor? If not, the hallowed cry, "I am entitled to get to a jury," must be rejected.

## CONCLUSION

The only reasonable construction of Jeffrey Bernstein's hapless experience in the Tunnel Club is that he was the victim of an assault and battery, not covered by the UNI policy. His plea that he has a right to present his case to a jury is rejected. "Hope alone will not raise a triable issue." *Bachrach v. Farbenfabriken Bayer AG,* 36 N.Y.2d 696, 697, 366 N.Y.S.2d 412, 413, 325 N.E.2d 872, 873 (1975). We affirm the grant of summary judgment.