994 F.2d 105
 61 USLW 2771
 UNITED NATIONAL INSURANCE CO., Plaintiff-Appellant,
v.
WATERFRONT NEW YORK REALTY CORPORATION; William M. Weaver;
William M. Weaver Trust; Coleman P. Burke; Adreas M.
Rickenbach; Atone E. Schraft; Loring D. Bolger; Bulgroup
Properties; Chalet Suiss International, Inc.; C.A. Kalman;
James A. Newman; John C. Wist; Karl-Adam Bonnier;
Francis P. Lang; Maag Finance Ltd.; Atone E. Schraft;
Tuckerman Ltd.; U.S. Friends Investment Corp. (Panama),
doing business as Waterfront N.Y., and The Tunnel, Inc.,
also known as The Tunnel; Eli-Ben Dayan; Jonata Dayan,
Defendants-Appellees,
Lourdes Ortiz, Defendant.
 No. 1409, Docket 92-9350.
 United States Court of Appeals,
Second Circuit.
 Argued April 20, 1993.
Decided June 2, 1993.
 
 Sheryl E. Katz, New York City (Carolyn Karp Schwartz, Richard E. Lerner, Wilson, Elser, Moskowitz, Edelman & Dicker, of counsel), for plaintiff-appellant.
 Warren A. Herland, New York City (Michelle J. France, Jones Hirsch Connors & Bull, of counsel), for defendants-appellees.
 Before: PRATT and JACOBS, Circuit Judges, and KNAPP, Senior District Judge.*
 JACOBS, Circuit Judge:
 
 
 1
 United National Insurance Co. ("UNI") appeals from a judgment of the United States District Court for the Southern District of New York (Lowe, J.), declaring that it must defend and indemnify defendants-appellees Waterfront New York Realty Corp. ("Waterfront") and The Tunnel, Inc. under a liability insurance policy. The insured premises were operated as a nightclub known as The Tunnel.[1] The underlying tort claim was asserted by defendant Lourdes Ortiz, a patron of The Tunnel, who was raped and sodomized in the bathroom of the nightclub. After Ms. Ortiz sued Waterfront and The Tunnel, Inc. in state court, UNI filed the present action for a declaratory judgment that the policy's exclusion for assault and battery excluded coverage for Ms. Ortiz's claim. Upon cross-motions for summary judgment, the district court held that the assault and battery exclusion does not encompass rape and sodomy and that the policy affords coverage. We reverse.
 
 BACKGROUND
 
 2
 On July 17, 1988, Ms. Ortiz was sexually assaulted by an unidentified armed man while she was using the women's bathroom at The Tunnel. Ms. Ortiz thereafter filed a complaint in state court against, inter alia, Waterfront and The Tunnel, Inc. in which she alleged that she was "accosted, attacked, assaulted, sodomized, raped and placed in fear of deadly bodily harm" while on The Tunnel's premises. For a first cause of action, Ms. Ortiz alleged that the defendants in that suit were liable to her in negligence because the women's and men's bathrooms were open to and used by both sexes and that this practice was known to employees of The Tunnel. For a second cause of action, Ms. Ortiz alleged that the defendants were liable to her because they violated various sections of the Administrative Code and Building Code of The City of New York. Ms. Ortiz sought $80 million in damages for the resulting physical and emotional harm.
 
 
 3
 UNI had issued a liability policy to The Tunnel, Inc., the nightclub operator, and its landlord, Waterfront, for the period from July 16, 1988 to July 16, 1989. The policy includes an assault and battery exclusion for:
 
 
 4
 Claims arising out of an assault and/or battery, whether caused by or at the instigation of, or at the direction of, or omission by, the insured and/or his employees.
 
 
 5
 The policy also contains a sexual molestation exclusion which provides that coverage does not apply:
 
 
 6
 To bodily injury arising out of alleged and/or actual "sexual abuse" of or "sexual molestation" of a person not having attained the age of sixteen (16) years. The terms "sexual abuse" and "sexual molestation" include, but are not limited to physical sex acts, nudity, touching, assault and battery.
 
 
 7
 UNI agreed to defend Waterfront and The Tunnel, Inc. in Ms. Ortiz's state court action, but did so under a reservation of rights. UNI then began the present action against the insureds and Ms. Ortiz, seeking a declaration that it owed no duty of defense or indemnification. UNI brought a motion for summary judgment and Waterfront cross-moved. The sole issue to be determined was the interpretation of the assault and battery exclusion. The Tunnel, Inc., which became defunct sometime after the attack on Ms. Ortiz, did not respond to any of the motions.
 
 
 8
 On October 29, 1991, the district court issued a non-final order granting summary judgment in favor of Waterfront and The Tunnel, Inc. The district court held that the assault and battery exclusion is ambiguous because assault and battery is legally distinguishable from assault with intent to commit rape. The district court found that "[t]he distinction is further supported by the fact that UNI felt it necessary to create a separate exclusion for sexual molestation." The district court reasoned that the sexual molestation clause, which excludes coverage for claims arising from the sexual abuse or molestation of persons under the age of 16, would not have been necessary "had the assault and battery clause been as clear and unambiguous as UNI maintains." The district court further observed:
 
 
 9
 [W]hen read with the rest of the policy exclusions, the sexual molestation exclusion could be interpreted to mean that only sexual assaults on patrons 16 years old or younger would be exempted; all others would be within the scope of general liability coverage.
 
 
 10
 777 F.Supp. at 257. Having perceived an ambiguity in the assault and battery exclusion, the district court construed the ambiguity against the insurer, and held that the policy provided coverage for claims arising out of the rape of Ms. Ortiz, who had attained the age of 16 years.
 
 
 11
 On December 2, 1992, Ms. Ortiz's state court suit was settled for $1,050,000. UNI paid this amount to Ms. Ortiz, but reserved its right to appeal the district court's coverage opinion and to recover the damage award from its policyholders. On December 10, 1992, the district court amended its order and entered a final judgment. This appeal ensued.
 
 DISCUSSION
 
 12
 The primary question presented is whether the assault and battery exclusion is ambiguous. "As with contracts generally, a provision in an insurance policy is ambiguous when it is reasonably susceptible to more than one reading." United States Fire Ins. Co. v. General Reinsurance Corp., 949 F.2d 569, 572 (2d Cir.1991). An ambiguity is present only where each of the competing interpretations is objectively reasonable:
 
 
 13
 A word or phrase is ambiguous when it is capable of more than a single meaning "when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business."
 
 
 14
 Garza v. Marine Transport Lines, Inc., 861 F.2d 23, 27 (2d Cir.1988) (citation omitted). "Courts may not create an ambiguity where none exists." Ingersoll Milling Mach. Co. v. M/V Bodena, 829 F.2d 293, 306 (2d Cir.1987).
 
 
 15
 Waterfront contends that the assault and battery exclusion is ambiguous because the phrase "assault and battery" can be construed to reference a fight or altercation rather than a rape which, it asserts, is "qualitatively different." Waterfront argues that the presence of the sexual molestation exclusion is evidence of ambiguity because it encompasses some incidents of sexual assault and battery that would also be excluded by the assault and battery clause. According to Waterfront, the sexual molestation exclusion would not have been necessary had the assault and battery exclusion unambiguously applied to incidents of a sexual nature. Waterfront adduces extrinsic evidence to support its reading of the exclusion, in particular, the New York Penal Law, which defines assault and rape as separate offenses, and which differentiates among degrees of assault based on the nature of the injury inflicted and weapons used. Finally, Waterfront invites us to invoke the rule that ambiguities in an insurance policy are to be construed against the insurer and accordingly limit application of the assault and battery exclusion to assaults of a non-sexual nature.
 
 
 16
 Waterfront's analysis is flawed. To begin with, Waterfront's narrow reading of the assault and battery exclusion is not sustainable. An "assault" is an intentional placing of another person in fear of imminent harmful or offensive contact. A "battery" is an intentional wrongful physical contact with another person without consent. See Hernandez v. Lattimore, 612 F.2d 61, 67 (2d Cir.1979), citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied sub nom. Employer-Officer John, # 1765 Badge Number v. Johnson, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); Merzon v. County of Suffolk, 767 F.Supp. 432, 448 (E.D.N.Y.1991) (see authorities cited therein); Coopersmith v. Gold, 172 A.D.2d 982, 984, 568 N.Y.S.2d 250, 252 (3d Dep't 1991); 6 N.Y.Jur.2d--Assault § 1, at 194 (1990). The terms "assault" and "battery" do not change in meaning depending on the degree of violence, the means of inflicting injury, or the part of the body injured:
 
 
 17
 In the case of a battery, the slightest unlawful touching of the person of another is sufficient, for the law cannot draw the line between different degrees of violence and therefore totally prohibits the first and lowest stage, since every individual's person is sacred and no other has the right to touch it.
 
 
 18
 6 N.Y.Jur.2d--Assault § 3, at 197. Thus, the terms "assault" and "battery" cover all types of "qualitatively different" situations.
 
 
 19
 It does not matter that the penal law lays down specific elements for the various offenses or degrees of offenses that entail unwanted touching, or that the crime of rape, as compared with assault and battery, entails other or additional elements. In the civil context in which the insurance contract was made, the common meanings of "assault" and "battery" subsume all forms of tortious menacing and unwanted touching.
 
 
 20
 While it is true that ambiguities are often construed against insurers, a clause may be general without being ambiguous, and even a vague clause may be ambiguous only at its edges. It is neither possible nor desirable for an insurance contract to enumerate the various kinds and degrees of attacks encompassed by an assault and battery exclusion. The clause need not mention rape or strangulation or mayhem, or other greater or lesser invasions of the person; all are subsumed in the broad language employed. Accordingly, in United National Ins. Co. v. Entertainment Group, Inc., 945 F.2d 210, 214 (7th Cir.1991), the identical clause was held to exclude coverage for a claim by a patron raped in a movie theater bathroom. A recent opinion of this Court, arising out of the same insurance relationship at issue here, discusses the Seventh Circuit's Entertainment Group opinion and states in passing that a rape is "an undisputed assault and battery." United National Ins. Co. v. The Tunnel, Inc., 988 F.2d 351, 354 (2d Cir.1993). We adopt the dictum in that case as the holding here.
 
 
 21
 The sexual molestation exclusion does not create or evidence any ambiguity in the assault and battery exclusion. While the sexual molestation clause overlaps with the assault and battery clause insofar as both would operate to exclude from coverage claims arising out of sexual assault and battery against a person under 16 years old, the sexual molestation clause on its face also excludes claims arising out of wrongful sexual acts that are not assaults or batteries. For example, statutory rape perpetrated with the minor's (ineffective) consent would likely not be subject to the assault and battery exclusion, but would be subject to the sexual molestation exclusion. The overlap of the clauses therefore does not affect the applicability of the assault and battery exclusion to the rape of an adult. To so read the policy would violate the principle that meaning and effect should be given to all terms of a contract. See Zim Israel Navigation Co. v. Sealanes Int'l, Inc., 17 A.D.2d 393, 396, 235 N.Y.S.2d 296, 300 (1st Dep't), aff'd, 13 N.Y.2d 714, 241 N.Y.S.2d 845, 191 N.E.2d 902 (1962); see also Metropolitan Life Ins. Co. v. RJR Nabisco, Inc., 906 F.2d 884, 889 (2d Cir.1990) ("The court should not find the language ambiguous on the basis of the interpretation urged by one party, where that interpretation would 'strain[ ] the contract language beyond its reasonable and ordinary meaning.' ") (quoting Bethlehem Steel Co. v. Turner Constr. Co., 2 N.Y.2d 456, 459, 161 N.Y.S.2d 90, 93, 141 N.E.2d 590, 593 (1957)).
 
 
 22
 We find no ambiguity in the relevant policy provisions, because
 
 
 23
 the words in the paragraphs of the policy under examination have a definite and precise meaning, unattended by danger of misconception in the purport of the policy itself, and concerning which there is no reasonable basis for a difference of opinion.
 
 
 24
 Breed v. Insurance Co. of North America, 46 N.Y.2d 351, 355, 413 N.Y.S.2d 352, 355, 385 N.E.2d 1280, 1282 (1978) (citations omitted). That the district court construed the exclusionary clauses otherwise does not in itself establish that the policy is ambiguous or that an alternative construction is objectively reasonable. Id. at 355, 413 N.Y.S.2d at 356, 385 N.E.2d at 1283 ("It is, however, for this court to say, as a matter of law, whether reasonable men may reasonably differ as to such meaning, or whether the indulgence of the lower courts has not written a new contract for the parties and extended the defendant's liability beyond the plain and unambiguous language of the policy.") (citation omitted); see also Glusband v. Fittin Cunningham & Lauzon, Inc., 892 F.2d 208, 212 (2d Cir.1989) ("[W]e cannot ignore the fact that insurance systems rely upon predictability of risk and that predictability will be seriously diminished or destroyed if courts refuse to abide by limitations on insurance policies.").
 
 
 25
 Having determined that the assault and battery exclusion is unambiguous, we have no reason to consider extrinsic evidence or the applicability of the contra proferentem rule. See Breed, 46 N.Y.2d at 353-54, 413 N.Y.S.2d at 354-55, 385 N.E.2d at 1282; Couch on Insurance § 15.83 (1984).
 
 
 26
 Waterfront advances an alternative basis for coverage, which the district court did not reach. Waterfront argues that the assault and battery clause is limited by its language to losses "caused" by the insured or its employees, whether by instigation, direction or omission; that the exclusion therefore refers only to assault or battery that the policyholder directly precipitated or failed to stop, rather than to remote acts of negligence that are not the direct cause of the assault and battery; that its negligence in part consisted of permitting the use of its bathrooms by both sexes, a violation of the applicable building code; that this separate and distinct underlying cause of the assault falls outside the assault and battery exclusion; and that UNI owes full coverage if any part of the claim is within the scope of the policy.
 
 
 27
 This Court has already rejected that same argument raised by Waterfront in another case. In United National Ins. Co. v. The Tunnel, Inc., a patron named Jeffrey Bernstein sued The Tunnel in state court after he was brutally beaten by the club bouncer. Bernstein alleged two causes of action: (a) assault and battery, and (b) negligent hiring of the bouncer. Waterfront argued that the assault and battery exclusion does not bar coverage where one of the negligence theories charges that the insured caused the assault and battery indirectly. UNI contended that the patron's claim was barred in whole by the assault and battery exclusion, reserved its rights, and prevailed on that issue in a federal declaratory judgment action. Affirming the result, this Court noted:
 
 
 28
 Bernstein's "negligent hiring" cause of action is excluded from coverage by the policy provision, because it expressly excludes claims for assault and battery caused by the "omission by[ ] the Insured, and/or his employees."
 
 
 29
 988 F.2d at 354 n. 1. Similarly, Ms. Ortiz's cause of action alleging negligent maintenance of The Tunnel's bathrooms is premised upon an assault and battery caused by an "omission by" the insureds, and is therefore unambiguously excluded from coverage.
 
 CONCLUSION
 
 30
 The assault and battery exclusion in the UNI policy precludes coverage for claims arising out of the attack on Ms. Ortiz. The policy contains no obligation to defend or indemnify Waterfront or The Tunnel, Inc. with respect to Ms. Ortiz's claim. The judgment of the district court is reversed, and the district court is directed to enter judgment consistent with this opinion.
 
 
 
 *
 Honorable Whitman Knapp, Senior United States District Judge for the Southern District of New York, sitting by designation
 
 
 [1]
 References to Waterfront and The Tunnel, Inc. in this opinion also encompass the remaining defendants-appellees, a group comprised of individuals and entities that have done business under the names Waterfront N.Y. and Waterfront New York, and that owned and operated The Tunnel