**UNITED NATIONAL INSURANCE CO., Plaintiff,**

v.

**WATERFRONT N.Y. REALTY, CORP., William M. Weaver, William M. Weaver Trust, Coleman P. Burke, Andreas M. Rickenbach, Atone E. Schrafl, Loring D. Bolger, Bulgroup Properties, Chalet Suiss International, Inc., C.A. Kalman, James A. Newman, John C. Wist, Karl–Adam Bonnier, Francis P. Lang, Maag Finance Ltd., Tuckerman Ltd. and U.S. Friends Investment Corp. (Panama), d/b/a Waterfront N.Y., Defendants.**

**No. 93 Civ. 8220(SAS).**

United States District Court, S.D. New York.

Nov. 14, 1996.

Roy B. Oser, Wohl & Entwistle LLP, New York City, for Plaintiff.

Michael D. Brown, Philip Touitou, Ohrenstein & Brown, LLP, New York City, for Defendants.

### MEMORANDUM OPINION AND ORDER

SCHEINDLIN, District Judge.

## I. INTRODUCTION

Plaintiff United National Insurance Company ("United National") moves for summary judgment on its claim for reimbursement of funds it expended in the settlement of a state court action ("the *Ortiz* action") brought against Defendant Waterfront New York Realty Corporation ("Waterfront") and The Tunnel, a discotheque and Waterfront's tenant. Waterfront, as landlord, was an additional insured on a policy ("the Policy") United National issued to The Tunnel. Defendant Waterfront cross-moves to amend its answer to include the affirmative defenses of equitable estoppel and waiver. It is on the basis of these new defenses that Waterfront

argues that summary judgment should be denied. In addition, Waterfront cross-moves for summary judgment to dismiss or stay the action pending the disposition of an allegedly parallel state court action under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). For the reasons stated below, Plaintiff's summary judgment motion is granted in part and denied in part. Defendant's motion to amend the answer is granted in part. Defendant's motion to dismiss or stay the action under *Colorado River* is denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Ortiz Action*

This action arises out of the settlement of a state court action in which a patron of The Tunnel, Lourdes Ortiz, sought damages for an alleged rape that occurred in The Tunnel's bathroom on July 17, 1988. United National provided an insurance policy to The Tunnel in which Waterfront was an additional named insured. This policy had a $500,000 limit per occurrence and in the aggregate, and an exclusion for "assault and/or battery." Affidavit of Andrew Entwistle ("Entwistle Aff."), attorney for United National, dated July 15, 1996, Exh. 1. Waterfront was also covered by a Comprehensive General Liability Insurance Policy issued by Commerce & Industry Insurance Company ("Commerce"), a member of American International Group companies ("AIG"). Affidavit of Philip Touitou ("Touitou Aff."), attorney for Waterfront, dated August 27, 1996, Exh. C. This policy provided bodily injury limits of $1 million per occurrence and in the aggregate. *Id.*

Waterfront was initially defended in the *Ortiz* action by counsel appointed by AIG, Jones Hirsch Connors & Bull ("Jones Hirsch"), *id.* ¶ 4, while The Tunnel was defended by Molod, Berkowitz & Godsky ("Molod"), appointed by United National. *Id.*, Exh. D. After the Waterfront filed an answer and cross-claim against The Tunnel in the *Ortiz* action, *id.*, Exh. F, Jones Hirsch wrote to Molod in May 1989, advising that under the terms of The Tunnel's lease, The Tunnel was obligated to indemnify and hold Waterfront harmless. *Id.*, Exh. G. In addition, Jones Hirsch stated that it would be in the parties' best interest if The Tunnel assumed Waterfront's defense in *Ortiz*, as Waterfront was likely to be dismissed from the action. *Id.* By letter dated May 9, 1989, United National's Vice President Richard March, on behalf of The Tunnel, acknowledged Jones Hirsch's letter to Molod, and advised Jones Hirsch that Molod's defense of The Tunnel was subject to a reservation of rights. *Id.*, Exh. H. Waterfront alleges that it never received a reservation of rights letter from United National. Affidavit of Steven Honig ("Honig Aff."), General Counsel and Vice President of Waterfront, dated August 26, 1996, ¶ 3. In addition, March noted that Waterfront should determine if it wanted to tender its defense to United National under the circumstances, i.e. United National's defense of The Tunnel, and any other insured under The Tunnel's policy subject to a reservation of rights. After a second request from AIG asking United National to assume Waterfront's defense, based on the lease and the United National insurance policy under which Waterfront was an additional insured, United National advised AIG in June 1989 that it intended to defend Waterfront, but that it had reserved its rights under the Policy. Entwistle Aff., Exh. 2. In addition, United National informed AIG that it had retained counsel to institute a declaratory judgment action to determine United National's rights and obligations under the Policy. *Id.*

In July 1989, United National instructed Molod to assume Waterfront's defense, Touitou Aff., Exh. J. Jones Hirsch then forwarded an executed Consent to Change Attorney form and its case file to Molod. *Id.*, Exh. K. Jones Hirsch was no longer involved with the *Ortiz* action until October 1989, when United National wrote to Jones Hirsch and requested that Jones Hirsch withdraw Waterfront's cross-claim against The Tunnel. *Id.*, Exh. M. United National never appointed independent counsel for Waterfront, although it did offer to split the cost of a second counsel with AIG in October 1989. Entwistle Aff., Exh. 5.

Between July 1989 and February 1991, the Defendants in the *Ortiz* action failed to comply with several discovery orders. As a consequence, in November 1989, the Plaintiff in the *Ortiz* action filed a motion to strike the Defendants' answer for failure to obey an order of disclosure. Touitou Aff., Exh. Q. This motion was granted in November 1991. *Id.* Molod then sought reargument of that decision, which was denied in June 1992. *Id.*, Exh. R. On December 1, 1992, the Appellate Division affirmed. The following day, the *Ortiz* action was settled for $1,050,000. Entwistle Aff., Exh. 7. United National paid $500,000 toward the settlement (its policy limit) but reserved its rights on the record as against the other carriers. *Id.* The balance of $550,000 was paid on behalf of Waterfront by Commerce, pursuant to the Comprehensive General Liability Insurance Policy held by Waterfront. *See* Proposed Amended Answer at ¶ 51, Touitou Aff., Exh. U. In a subsequent opinion issued in June 1993, the Appellate Division sanctioned Molod *sua sponte*, stating, "[T]he record is clear that counsel for defendants were ultimately responsible for these actions. Their acts were 'undertaken primarily to delay or prolong the resolution of the litigation.'" *Id.*, Exh. S.

### B. *The 1989 Declaratory Relief Action*

In June 1989, United National commenced a declaratory judgment action in the Southern District of New York against Waterfront and The Tunnel to determine United National's rights and liabilities under the Policy. *Id.*, Exh. 6. United National and Waterfront cross-moved for summary judgment. On October 25, 1991, this Court denied United National's motion and granted Waterfront's cross-motion, concluding that the assault and battery exclusion was ambiguous and should be construed against United National. *United National Ins. Co. v. Waterfront Realty Corp.*, 777 F.Supp. 254 (S.D.N.Y.1991). In December 1992, United National filed a notice of appeal, and in June 1993, the Second Circuit reversed, holding that the assault and battery exclusion was not ambiguous and encompassed a charge of rape. *United Nat'l Ins. Co. v. Waterfront New York Realty Corp.*, 994 F.2d 105 (2d Cir.1993). The case was dismissed in August 1994, based on lack of subject matter jurisdiction. *United Nat'l Ins. Co. v. Waterfront New York Realty Corp.*, 907 F.Supp. 663 (S.D.N.Y.1995).

### C. *The Commerce State Court Action*

Commerce, proceeding as subrogee to Waterfront's rights by virtue of a contract entered into between Commerce and Waterfront, and as a result of the $550,000 payment it made to settle the *Ortiz* action on Waterfront's behalf, commenced an action in April 1993 in Supreme Court, New York County, against United National and Molod. Touitou Aff., Exh. T. Commerce alleged that United National breached its fiduciary obligations to Waterfront as a result of its failure to provide Waterfront with a competent defense, and argued that such negligence precluded Waterfront's ability to defend itself in the *Ortiz* action. *Id.* As a result, Commerce argued that it should recover its contribution to the settlement. Commerce also sued Molod for malpractice and breach of fiduciary duty. United National's motion for summary judgment was denied by Justice Carol Arber in September 1994. The Commerce action remains pending in state court, and serves as the basis for Waterfront's cross-motion to dismiss or stay this action.

### D. *The 1993 Recovery Action*

In addition to the *Ortiz* action, the declaratory judgment action, and the Commerce action, on December 1, 1993, United National commenced this action seeking recovery of the money it expended to settle and defend the *Ortiz* action. Waterfront raised several defenses to liability in its answer. First, Waterfront asserted that United National was estopped from denying coverage under several theories of breach of the contractual duty to defend. *See* Answer at ¶¶ 52–59. Specifically, Waterfront alleged that United National acted in bad faith and with gross negligence in its defense of Waterfront, and created a conflict of interest by appointing the same counsel for Waterfront and The Tunnel. Second, Waterfront contended that on the basis of the Stipulation of Settlement, United National waived any right to recoup

money from Waterfront directly and was restricted to seeking reimbursement from Commerce. Waterfront also alleged that the instant action should be dismissed because another action was pending (the declaratory judgment action) involving the same issues and requesting the same relief.[1] Waterfront also interposed a counterclaim for breach of the duty to defend.

In June 1995, Waterfront moved to dismiss the instant action pursuant to Fed.R.Civ.P. 12(b)(1) for want of subject matter jurisdiction based on a lack of complete diversity. On August 24, 1995, that motion was denied. United National now moves for summary judgment, while Waterfront cross-moves to amend its answer and for abstention on *Colorado River* grounds.

## III. DISCUSSION

### A. *Standard for Summary Judgment*

A party is entitled to summary judgment when there is "no genuine issue of material fact" and the undisputed facts warrant judgment for the moving party as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden of demonstrating the absence of a material factual dispute rests on the moving party. *See Gallo v. Prudential Residential Svcs., Ltd.,* 22 F.3d 1219, 1223 (2d Cir.1994). The non-moving party must present "significant probative supporting evidence" that a factual dispute exists. Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510. Whether a fact has a bearing on the outcome of the motion is determined by the governing substantive law. *Id.* at 248, 106 S.Ct. at 2510.

The court is not to try issues of fact, but to determine whether issues exist to be tried. *See Balderman v. United States Veterans Admin.,* 870 F.2d 57, 60 (2d Cir.1989); *Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 58 (2d Cir.1987). All ambiguities must be resolved and all inferences drawn in favor of the party against whom summary judgment is sought. *See*

*Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513–14; *Donahue,* 834 F.2d at 57, 60. If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper. *See Chambers v. TRM Copy Centers Corp.,* 43 F.3d 29, 37 (2d Cir.1994).

### B. *United National's Motion for Summary Judgment*

■ United National claims, as it did in the declaratory relief action, that it was not required to provide coverage for the injury to Ortiz because rape falls under the assault and battery exclusion of the Policy. United National therefore seeks complete indemnification for all funds advanced on Waterfront's behalf. United National also contends that it undertook to defend Waterfront subject to a valid reservation of its rights and therefore did not waive the right to pursue indemnification at a later date.

In support of its indemnification claim, Plaintiff asserts that the Second Circuit's decision in the declaratory judgment action, later vacated by this Court for lack of subject matter jurisdiction, is controlling precedent and establishes as a matter of law that United National is entitled to full reimbursement. As noted above, the Second Circuit found that the assault and battery exclusion was not ambiguous and encompassed rape, thereby precluding coverage for the Ortiz claim. *United National,* 994 F.2d at 105. In so finding, the court considered the common law definitions of assault and battery, stating that "the terms do not change in meaning depending on the degree of violence, the means of inflicting injury, or the part of the body injured." *Id.* at 108. The court reasoned that in the civil context of an insurance contract, "the common meanings of 'assault' and 'battery' subsume all forms of tortious menacing and unwanted touching." *Id.* Notably, the Seventh Circuit has also held that an identical assault and battery exclusion precluded a claim by a movie theater patron raped in a bathroom. *United Nat'l Ins. Co. v. Entertainment Group, Inc.,* 945 F.2d 210,

---

1. The declaratory judgment action has now been dismissed. *See* p. 266, *supra.*

214 (7th Cir.1991). The Second Circuit cited this decision with approval in dicta when it considered a battery claim that was excluded under the same policy. *See United Nat'l Ins. Co. v. The Tunnel, Inc.,* 988 F.2d 351, 354 (2d Cir.1993) (noting that rape is 'an undisputed assault and battery').[2]

Because the Second Circuit's decision in *United National v. Waterfront,* was vacated on jurisdictional grounds, it is not controlling precedent. *See McMillian v. Johnson,* 88 F.3d 1573, 1578 (11th Cir.1996) (where decision of Court of Appeals was subsequently vacated on jurisdictional grounds, decision was not binding precedent). Nonetheless, as the decision was not vacated on the merits, it remains strong persuasive authority. In light of this, and the additional persuasive authority noted above, United National is entitled to judgment because the assault and battery provision excludes coverage for rape.

■■■ Plaintiff is also entitled to summary judgment on the issue of whether its reservation of rights was sufficient. A reservation of rights letter must give fair notice to the insured that the insurer intends to assert defenses to coverage or to pursue a declaratory relief action at a later date. Ostrager & Newman, *Handbook on Insurance Coverage Disputes* (7th ed.), § 2.02 at 40 (Prentice Hall Law & Business 1994). Here, United National sent a reservation of rights letter to AIG in June 1989 and Jones Hirsch in Octo-

ber 1989. *See* Entwistle Aff., Exhs. 2 & 3. In both, United National explicitly refers to its undertaking of Waterfront's defense subject to a reservation of rights based on the assault and battery exclusion. *Id.* These letters also mention United National's commencement of a declaratory judgment action to determine the scope of the Policy. *Id.* As Jones Hirsch was still representing Waterfront at the time it received this information, its knowledge of United National's reservation of rights can be imputed to Waterfront. *See Veal v. Geraci,* 23 F.3d 722, 725 (2d Cir.1994) (under traditional principles of agency, attorney's knowledge is attributed to client). Moreover, because Waterfront was a party to the declaratory relief action, that action also served as fair notice to Waterfront that United National had reserved its rights.

■■■ This is not, however, the end of the story. Neither a valid reservation of rights nor a subsequent determination of lack of coverage relieves the insurer of the duty to conduct the defense of the insured with due care and good faith.[3] *Cornwell v. Safeco Ins. Co. of Am.,* 42 A.D.2d 127, 346 N.Y.S.2d 59, 69 (4th Dep't 1973). Implicit in this duty is the appointment of counsel that is competent as well as free of conflicts or divided loyalties. *Hartford Acc. & Indem. Co. v. Michigan Mut. Ins. Co.,* 93 A.D.2d 337, 462 N.Y.S.2d 175, 178 (1st Dep't 1983), *aff'd,* 61

2. In *The Tunnel,* United National brought a declaratory judgment action disclaiming liability for injuries to a patron struck by a bouncer while waiting on line for admission to The Tunnel. The plaintiff sued The Tunnel for damages. The Tunnel attempted to circumvent the assault and battery exclusion in United National's policy by alleging that the bouncer had not intended to hit the plaintiff, and therefore the underlying claim was for negligence, not assault and battery. The district court relied on the analysis of *Entertainment Group* in rejecting this claim. The Second Circuit affirmed on different grounds. Although the court agreed with the conclusion in *Entertainment Group,* that the assault and battery exclusion in the policy precluded a claim of damages resulting from a rape, the court distinguished that case from the "[n]egligent assault and battery" claim presented in *The Tunnel.* The court instead rejected that claim as "a contradiction in terms" and an attempt to "dress[ ] up the substance" of a battery claim in the "garments" of negligence.

3. United National disputes that it had a duty to defend Waterfront because the Policy was later determined to exclude coverage of the *Ortiz* claim. However, once United National undertook Waterfront's defense, it had a duty to conduct that defense with due care and good faith until a judgment was issued on the coverage of the *Ortiz* claim. *See Burroughs Wellcome Co. v. Commercial Union Insurance Co.,* 632 F.Supp. 1213, 1220 (S.D.N.Y.1986) (insurer must continue to defend insured until court determination that plaintiff's claim is excluded from coverage under policy). *See also* Ostrager & Newman, § 5.02[c] at 153–55 (describing duty to defend). Here, the declaratory judgment action was commenced in 1989. In October 1991, the district court concluded that the *Ortiz* claim *was* covered by the Policy. The Second Circuit's reversal of that conclusion did not occur until 1993, *after* the *Ortiz* action was settled. United National was not relieved of its duty to defend Waterfront until that point.

N.Y.2d 569, 475 N.Y.S.2d 267, 463 N.E.2d 608 (1984). The insurer's fiduciary duty to the insured requires that the insurer's loyalty be undivided. *Id.*

Two conflicts were presented in *Ortiz:* the conflict between The Tunnel and Waterfront, because of their adverse interests under the lease, and the conflict between Waterfront and United National, as a result of United National's disclaimer of coverage in the declaratory relief action. Under these circumstances, United National may have breached its duty to Waterfront by failing to appoint independent counsel for Waterfront, or by neglecting to give Waterfront the opportunity to seek independent counsel at United National's expense. *See Public Service Mut. Ins. Co. v. Goldfarb,* 53 N.Y.2d 392, 442 N.Y.S.2d 422, 427, 425 N.E.2d 810, 814–15 (1981) (where conflict of interest between insured and insurer arises, insured is entitled to independent counsel of its own choosing, with reasonable costs to be paid by insurer).[4]

Waterfront alleges that these conflicts of interest were the proximate cause of the striking of its answer in the *Ortiz* action, which immediately led to the settlement for which United National now seeks reimbursement. First, Waterfront argues that Molod was responsible for the deliberately obstructive discovery tactics in the *Ortiz* action. Waterfront points to the Appellate Division's *sua sponte* sanction of Molod in its March 2, 1993 opinion, in which that court held Molod "ultimately responsible" for the discovery abuse. *See* Touitou Aff., Exh. S. Waterfront also argues that the disputed discovery materials sought in *Ortiz* were within the control of The Tunnel and not Waterfront, and that United National's counsel admitted as much both in internal memoranda and in an affirmation submitted in support of its appeal from the order striking the answer in *Ortiz.* In response, United National argues that Waterfront was held at least partially responsible for the discovery abuse by both the trial court and the Appellate Division,

and therefore United National's actions did not cause the answer to be stricken.

■ Waterfront also argues that Molod intended to delay resolution of the *Ortiz* action until the declaratory relief action was decided. In support of this contention, Waterfront points to a November 6, 1991 internal Molod memorandum that states:

> Richard March [United National's General Counsel] called. The S.D.N.Y. denied ... motion for summ[ary] judg[ment] in the Declaratory Judgment Action. . . . * He does *not* want *Ortiz* case tried until the 2nd Circuit rules in his forthcoming Appeal of the decision.

Touitou Aff., Exh. V. United National argues that because this memorandum was written months after the discovery abuse occurred, it does not establish that United National was involved in the abuse of the discovery process. While this may be so, the memorandum is sufficient to raise an issue of material fact as to United National's role, as well as suggesting that United National had a stake in delaying the *Ortiz* action until after the conclusion of the declaratory relief action.

These issues of material fact preclude summary judgment on the ultimate issue of whether United National is entitled to reimbursement for the settlement it paid in *Ortiz.* First, a genuine issue exists as to who was responsible for the striking of the answer in *Ortiz.* Second, if Molod was responsible, a question of fact exists as to whether Molod was motivated by a conflict of interest between United National and Waterfront. Even if further factual development reveals that Molod did not willfully delay discovery or was not itself responsible for the abuse, United National's decision to provide the same (and therefore conflicted) counsel for Waterfront and The Tunnel may have irreparably prejudiced Waterfront's position. Were Waterfront and The Tunnel represented by different counsel, the discovery abuses of one would not have been attributed to the

---

**4.** United National asserts that Waterfront expressly waived any conflict of interest. In support of this assertion, United National offers the Consent to Change Attorney form executed by Jones Hirsch. Waterfront, in turn, alleges that it

never was presented with nor signed an express consent to the conflict of interest. It is apparent that a factual dispute as to the question of waiver remains.

other, and Waterfront might have been able to defend the *Ortiz* action successfully. If so, United National failed to perform its duty to defend Waterfront with due care and good faith, and would be precluded from seeking reimbursement for a payment resulting from its own negligence. In this regard, neither the Second Circuit's determination in 1993 that the policy did not provide coverage for the *Ortiz* claim, nor this Court's similar finding, can retroactively relieve United National from its duty of due care in conducting the defense of Waterfront from 1989 to December 2, 1992.

Considering these significant and material factual disputes, United National's summary judgment motion for reimbursement is denied. United National is, however, entitled to summary judgment on the discrete issues of the validity of its reservation of rights, and the lack of coverage for rape under the assault and battery exclusion in the Policy.

## C. *Waterfront's Motions*

### 1. Motion to Amend the Answer

■ Waterfront moves to amend its answer to include the defenses of waiver and estoppel. Under Fed.R.Civ.P. 15(a), leave to amend "shall be freely given" when justice so requires, unless the amendment would be futile, or the movant has acted with undue delay, bad faith or dilatory motive. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Prejudice to the opposing party is the most important reason for denying a motion to amend. *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981). Because United Na-

tional validly reserved its rights, Waterfront cannot assert a defense of waiver. Equitable estoppel, however, remains a valid defense. If United National is found to have breached its duty to defend Waterfront, and if that breach was the proximate cause of the payment in the *Ortiz* action, United National could be equitably estopped from seeking reimbursement for a payment that resulted from its own negligence.

There has been no discovery on the merits of this action other than limited document production. The added defense of equitable estoppel will not unduly prolong discovery or delay trial. Nor will this added defense significantly expand the scope of discovery. Moreover, United National had adequate notice of Waterfront's estoppel theory because Waterfront plead "estoppel" in its answer. At this early stage of discovery, United National has ample time to compile evidence that would disprove Waterfront's new assertions.[5] Waterfront's motion to amend the answer is therefore granted with regard to the defense of equitable estoppel.

### 2. Motion for Stay or Dismissal Under *Colorado River*

■ Waterfront also seeks to stay or dismiss this action based on the abstention doctrine articulated in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The determination of whether to stay or dismiss a federal suit under *Colorado River* is within the district court's discretion. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 12, 103 S.Ct.

---

**5.** Although United National asserts that it will be prejudiced because Waterfront seeks to "retract damaging admissions that go to the heart of this case," Memorandum in Opposition to Defendant's Cross–Motion For Summary Judgment and To Amend Answer at 17, this characterization of the proposed changes is inaccurate. United National complains of three changes. First, the Proposed Amended Answer retracts the admission that United National assumed the defense of Waterfront under a reservation of rights. *See* Answer ¶ 35. Because United National's reservation of rights was valid, *see* p. 268, *supra,* this change does not damage United National.

Second, Waterfront now attributes the failure to respond to the discovery orders in the *Ortiz* action to United National and Molod directly, as

opposed to alleging that the answer was struck "due to The Tunnel's and Waterfront's alleged failure to comply with seven (7) discovery orders." *See* Proposed Amended Answer at ¶ 41, Touitou Aff., Exh. U. The original statement merely admits that allegations were made against Waterfront and does not preclude the involvement of United National or Molod. Moreover, the internal Molod memorandum raises a question of fact as to United National and Molod's involvement in the alleged discovery abuse. Finally, the Proposed Amended Answer admits that United National paid its full policy limit of $500,000, but retracts that the payment was made "on behalf of The Tunnel and Waterfront." *See id.* at ¶ 49. Because United National is in the best position to have information relevant to this issue, it is not prejudiced by this change.

927, 935, 74 L.Ed.2d 765 (1983). "In cases of concurrent state and federal jurisdictions it is axiomatic that the federal courts have a 'virtually unflagging obligation ... to exercise the jurisdiction given them.'" *Telesco v. Telesco Fuel and Mason's Materials,* 765 F.2d 356, 360 (2d Cir.1985) (citing *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246). This obligation is subject to extraordinary and narrow exceptions that apply when a countervailing interest would be served by state court adjudication of the controversy.[6] *Id.* The party seeking a stay under *Colorado River* must overcome a "heavy presumption favoring the exercise of jurisdiction." *Bethlehem Contracting Co. v. Lehrer/McGovern Inc.,* 800 F.2d 325, 327 (2d Cir.1986).

The threshold *Colorado River* determination is whether the state and federal proceedings are indeed parallel, i.e. whether substantially the same parties are litigating the same issues in a state forum. *See Telesco,* 765 F.2d at 359. Waterfront argues that the Commerce action, in which Commerce is suing Molod and United National to recover its $550,000 contribution to the *Ortiz* settlement, is a parallel proceeding that warrants federal abstention or dismissal of the instant action. In this action, of course, United National is suing Waterfront to recover its $500,000 contribution to the settlement. Waterfront asserts that the parties to the Commerce action are substantially the same because Commerce is proceeding in that action as subrogee to Waterfront's rights. Waterfront also asserts that Molod's absence from the instant action does not preclude application of the doctrine because of liberal impleader rules under Fed.R.Civ.P. 14.

I am not convinced that the two actions are in fact parallel. This Court has previously determined that the parties are completely diverse, *see United Nat'l,* 907 F.Supp. at 671, and United National, as plaintiff in this diversity action, has a right to a federal court adjudication of the Policy's scope of coverage. It is not clear that this issue has been or will

be squarely presented to the state court in the Commerce action. In addition, Waterfront is not a party to the Commerce action. While Commerce proceeds in that action as subrogee to Waterfront's rights, Waterfront has not alleged that Commerce has assumed any liability that Waterfront might have to repay United National. Even were these two proceedings parallel, the facts do not support a finding of the exceptional circumstances that would prompt this Court to relinquish its "unflagging obligation" to exercise jurisdiction as required under *Colorado River.* Waterfront's motion is therefore denied.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is granted in part and denied in part. Defendant's motion to amend is granted with respect to the defense of equitable estoppel only. Defendant's motion for abstention or dismissal under *Colorado River* is denied. A pretrial conference is scheduled for November 27, 1996 at 4:30 p.m.

SO ORDERED.

---

**6.** The factors to be considered when determining whether exceptional circumstances exist include: the assumption of jurisdiction over property by either court; the inconvenience of the federal forum; the avoidance of piecemeal litigation; the order in which jurisdiction was obtained; whether state or federal law supplies the rule of decision; and whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction. *Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1246–47 (first four factors); *Cone,* 460 U.S. at 23–27, 103 S.Ct. at 941–943 (last two factors).