1 .GAIDRY, J.
The plaintiff-appellant, Jane Doe [1] appeals an adverse summary judgment in favor of the defendant, Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau), finding no coverage under its policy of liability insurance for her various claims for damages asserted against its insured, Chad Griffin, in this litigation. We affirm the trial court’s partial summary judgment for the same reasons expressed in the companion appeal decided this date, arising from a separate partial summary judgment in the same litigation in favor of another defendant insurer, The Standard Fire Insurance Company.[2] As the policy involved here differs somewhat in its language from that involved in the companion case, we offer the following additional observations.
Farm Bureau’s policy provides coverage for “accidents or occurrences which take placé during the policy period.” The term “accident” is not defined, but the term “occurrence” is defined as “an event, or continuous or repeated exposure to conditions, which unexpectedly causes injury.” (emphasis added) The definition does not further define the person whose viewpoint of expectation controls. Given that omission, we apply our interpretation in Gaylord Chemical Corporation v. Propump, Inc., 98-2367, p. 6 (La.App. 1st Cir.2/18/00), 753 So.2d 349, 354, and hold *579 that the unexpected nature of an “occurrence,” like that of an “accident,” must be considered from the viewpoint of the victim, rather than the insured.
Farm Bureau’s policy contains the following intentional act exclusion under its liability coverage:
14This policy does not apply:
[[Image here]]
(c) ... to injury, sickness, disease, death or destruction which is either expected, or intended from the standpoint of [an] insured.
This exclusion is the same as that in the case of Breland v. Schilling, 550 So.2d 609 (La.1989). There, the supreme court held that the language of the exclusion was ambiguous, and that only injuries which the insured subjectively intended to inflict were excluded. Id. at 611. In the context of this case, however, we hold that the exclusion is applicable even under the Breland subjective-intent analysis. See Doe v. Breedlove, 04-0006, p. 11 (La.App. 1st Cir.2/11/05), 906 So.2d 565, 572, 2005 WL 327797, La.App. 1 Cir. 2/11/05. Additionally, we find the following language persuasive on this issue:
While it is true that ambiguities are often construed against insurers, a clause may be general without being ambiguous, and even a vague clause may be ambiguous only at its edges.
Ledbetter v. Concord General Corporation, 95-0809, p. (La.1/6/96), 665 So.2d 1166, 1170, citing United National Insurance Company v. Waterfront New York Realty Corporation, 994 F.2d 105, 108 (2nd Cir.1993). In this case, we find that the exclusion unambiguously applies to Chad Griffin’s alleged conduct.
DECREE
The summary judgment of the trial court in favor of the defendant-appellee, Louisiana Farm Bureau Casualty Insurance Company, and against the plaintiff-appellant, Jane Doe, dismissing her claims against it with prejudice, is affirmed. All costs of this appeal are assessed against the plaintiff-appellant, Jane Doe.
AFFIRMED.
GUIDRY and McCLENDON, JJ., concur.

. "Jane Doe” is a pseudonym used by the plaintiff, in order to protect her identity. The record of this action was also ordered to be sealed by the trial court at the plaintiff's request, in order to preserve that confidentiality-

. Doe v. Breedlove, 04-0006 (La.App. 1st Cir.02/11/05), 906 So.2d 565.