UNITED STATES of America, Plaintiff,

v.

ALL FUNDS ON DEPOSIT AND TO BE DEPOSITED, THROUGH AND INCLUDING JUNE 25, 1996, IN ACCOUNT NUMBER 590018256 AT CHEMICAL BANK IN THE NAME OF PERUSA INC. up to and including the Amount of $1,282,322, and All Proceeds Traceable Thereto, et al., Defendants.

No. CV–96–3081.

United States District Court, E.D. New York.

July 26, 1996.

---

Stairs Dillenbeck Finley & Merle (Pierre F.V. Merle, of counsel), New York City, for Claimant Pan American Money Transfer Corp.

Bryan, Levitin & Bab, LLP (T. James Bryan, of counsel), New York City, for Claimant Perusa Inc.

Zachary W. Carter United States Attorney Eastern District of New York (Jennifer C. Boal, Elliot M. Schachner, of counsel), Brooklyn, NY, for Plaintiff.

## MEMORANDUM OF DECISION AND ORDER

MISHLER, District Judge.

The United States, pursuant to 18 U.S.C. §§ 981 and 984, and 21 U.S.C. § 881, seeks the forfeiture of (i) approximately $1,282,322 in account number 590018256 at Chemical Bank in the name of Perusa Inc. ("the Perusa account"); (ii) approximately $778,000.00 in account number 0191001247 at Ponce de Leon Federal Saving Bank in the name of Pan American Express, Inc. ("the Pan American Express Account at Ponce de Leon"); and (iii) approximately $82,000.00 in account number 69643928 at Citibank in the name of Pan American Express ("the Pan American Express Account at Citibank").

Both claimants, Perusa Inc. ("Perusa") and Pan American Money Transfer Corp. (formerly known as Pan American Express, Inc.) ("Pan American"), seek to vacate the warrant of arrest for the defendant properties and to dismiss the complaint pursuant to 12(b)(6) of the Federal Rules of Civil Procedure and Rule 12 of the local Rules of Admiralty and Maritime Claims. In addition, Perusa seeks an order granting summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing the complaint. The Court will also consider both claimants' motions under Rule 56 because both submitted affidavits in support of their motions.

## FACTS

On or about June 20, 1996, the government filed a verified complaint, with attachments, seeking the forfeiture of the defendant funds pursuant to 18 U.S.C. §§ 981, 984 and 21 U.S.C. § 881. On that same day, based upon the verified complaint, this Court signed a warrant for arrest for articles in rem. On or about June 24, 1996, the warrant of arrest was served upon Chemical Bank and Ponce de Leon Savings Bank and the defendant funds named in the warrant were seized. On or about June 27, 1996, the government filed an amended verified complaint in rem, which added as defendants certain funds contained in the Pan American Express Account at Citibank. On that same day, this Court signed an amended warrant of arrest for articles in rem. Soon thereafter, pursuant to the amended warrant, certain funds on deposit at Citibank were seized.

On or about July 2, 1996, Perusa filed a claim for arrested property in the Perusa account. On or about July 3, 1996, Pan American filed a notice of claim asserting its rights to the Pan American Express Account at Ponce de Leon and the Pan American Express Account at Citibank. On or about July 9, 1996, pursuant to Rule 12 of the Local Rules for Admiralty and Maritime Claims, Perusa moved by order to show cause for summary release of the seized funds in the above mentioned account. On or about July 10, 1996, Pan American moved by order to show cause for summary release of the seized funds in the above mentioned accounts. The Court heard oral argument on the orders to show cause on July 19, 1996.

Both claimants are licensed money transmitters under New York law. Neither claimant is a bank. A money transmitter receives money from customers to remit or send to the place designated by the customer. Remittance refers to the transfer itself. Claimants, similar to almost all licensed money transmitters in the New York City Area, operate through a network of independent statutory agents who receive money from the general public for transmission abroad. Funds received by the agent from the public are third-party funds. New York Banking Law § 651–a requires that upon an agent's acceptance of money for transmittal, the agent shall remit the face amount of the money to such licensee by either direct payment of such funds to the licensee or through the deposit of such funds in a banking organization account in the name of the licensee specifically established for the purpose of receiving such funds. N.Y. Banking Law § 651–a (McKinney Supp.1996). The defendant accounts are such accounts.

## DISCUSSION

*Standing*

■ As a threshold issue, the claimants' standing to challenge the forfeiture must be determined. "To establish standing, [the claimants] must demonstrate a possessory or ownership interest in the contents of the accounts, which may be proven by actual possession, dominion, control, title, or financial stake." *United States v. Contents of Account Number 208–06070*, 847 F.Supp. 329, 333 (S.D.N.Y.1994). Persusa asserts standing "[not] as the owner of these funds, but as a party who has a right to possess them." (Persusa Reply Mem. at 6). Perusa also states that it makes "this claim on behalf of the beneficial owners of this property, which consists of money given to Perusa for transmittal to their designated beneficiaries." (Tatarian Aff. at ¶ 2). Pan American asserts that it "is the holder of a possessory interest in all funds seized in account number 0191001247 at Ponce de Leon Federal Savings Bank and account number 69643928 at Citibank NA." (Diaz Aff. ¶ 8; Merle Mem. at 5). The government argues that they should be allowed to conduct discovery regarding standing and that the claimants should demonstrate that they in fact have standing before the Court release any funds to the claimants. (Boal Letter Brief dated July 22, 1996 at 1).

The question is whether this Circuit requires a claimant to come forth with some evidence of his ownership interest in order to establish standing to contest a forfeiture or whether a claimant's mere assertion of ownership is sufficient. The Fifth Circuit has held that "a bare assertion of ownership of the *res*, without more, is inadequate to prove an ownership interest sufficient to establish

standing." *United States v. $38,570 in U.S. Currency*, 950 F.2d 1108 (5th Cir.1992). Ownership can be evidenced in a variety of ways including by the government's assertion in its complaint that the claimant exercised some form of dominion over the currency. Perusa's General Manager, Gaspar Tatarian, in his claim for arrested property, asserts that Perusa's rights are based upon the fact that it "has title to the arrested account, which holds funds entrusted to Perusa, a money remitter, by individuals for transmittal to their designated beneficiaries."

The parties did not submit and this Court did not find any authority for or against the proposition that a remitter or transmitter of funds has standing merely by holding funds of others in its bank account name. This Court remains undecided whether claimants assertion of possessory rights to the defendant funds justifies standing to contest their forfeiture. The dominion and control of transmitters such as Perusa and Pan American is solely for the purpose of turning the funds over to the owners of the funds.

Perusa and Pan American assert their claims on behalf of the beneficial owners of this property. Nevertheless, at this stage in the proceedings and for the purpose of the motions before us, the Court assumes Perusa and Pan American have standing. The Court denies the government's request to conduct further pre-trial discovery. The government may renew its application for further pre-trial discovery regarding standing prior to trial.

*Motion to Vacate*

■ Perusa and Pan American seek release of the defendant funds pursuant to Rule 12 of the Local Admiralty and Maritime Rules. This rule, Summary Release From Arrest or Attachment, states in pertinent part:

> Where property is arrested or attached, any person claiming an interest in the property arrested or attached, may upon a showing of any improper practice or a manifest want of equity on the part of the plaintiff to be entitled to an order requiring the plaintiff to show cause why the arrest or attachment should not be vacated or other relief granted consistent with these rules or the Supplemental Rules.

The Court finds neither a showing of any improper practice or a manifest want of equity and therefore denies the motions to vacate the warrants of arrest for the defendant properties.

*Motion to Dismiss*

■ A 12(b)(6) motion to dismiss for failure to state a claim should be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Green v. Maraio*, 722 F.2d 1013, 1015–16 (2d Cir.1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); *Dahlberg v. Becker*, 748 F.2d 85, 88 (2d Cir.), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1984). The Court accepts as true all material facts well-pleaded in the complaint and makes all reasonable inferences in favor to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Cosmas v. Hassett*, 886 F.2d 8 (2d Cir.1989).

■ In response to this motion, the government need only establish probable cause for forfeiture or some reasonable grounds to believe that there is a "nexus between the defendant property and the illegal conduct; a substantial connection is not necessary." *United States v. Rogers*, 1996 WL 252659, at *4 (N.D.N.Y. May 8, 1996) (citing *United States v. All Assets of G.P.S. Automotive*, 66 F.3d 483, 487 (2d Cir.1995); *Marine Midland Bank, N.A. v. United States*, 11 F.3d 1119, 1126 (2d Cir.1993); *United States v. Daccarett*, 6 F.3d 37, 56 (2d Cir.1993), *cert. denied*, 510 U.S. 1191, 114 S.Ct. 1294, 127 L.Ed.2d 648 (1994)); *see also United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1160 (2d Cir.1986). The government must have reasonable grounds rising above mere suspicion to believe the arrested accounts are subject to forfeiture. *In re the Seizure of All Funds in Accounts in the Names Registry Publishing, Inc.*, 68 F.3d 577, 580 (2d Cir. 1995); *Banco Cafetero Panama*, 797 F.2d at 1160; *United States v. All Funds on Deposit in Great Eastern Bank Account Number 11008117*, 804 F.Supp. 444, 446 (E.D.N.Y. 1992). "[T]o establish probable cause, the

Government must establish a reasonable belief that the seized property constitutes property involved in and/or traceable to the illegal activity." *Rogers,* 1996 WL 252659, at *4 (citing *Daccarett,* 6 F.3d at 56). In signing the warrant of arrest and the amended warrant of arrest, this Court found probable cause to believe that the defendant funds so described in the warrants constituted property involved in transactions or attempted transactions in violation of 18 U.S.C. §§ 981, 984, 1956 and 1957, and property traceable to violations of 21 U.S.C. § 841 *et. seq.* (Warrant of Arrest at 2 and Amended Warrant of Arrest at 2).

Claimants argue that contrary to the specific pleading requirements set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, the complaint lacks sufficiently particular factual allegations to justify forfeiture. Perusa claims that the complaint contains a totally conclusory allegation, without any factual detail or support with respect to most of the defendant funds.

■ Civil forfeiture is governed by the Supplemental Rules for Certain Admiralty and Maritime Claims. Supplemental Rule E(2)(a) requires that a complaint "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." *Daccarett,* 6 F.3d at 47. Rule E(2)(a) requires a higher standard of particularity than normal. It is therefore necessary that the pleadings allege sufficient facts to provide a reasonable inference that the government had probable cause to believe that the defendant funds so described in the warrants constituted property involved in transactions or attempted transactions in violation of 18 U.S.C. §§ 981, 984, 1956 and 1957, and property traceable to violations of 21 U.S.C. § 841 *et. seq.*

■ The amended complaint describes the money remittance business including the process by which money is remitted; defines the term "structuring"; and sets forth numerous instances of structuring of money remittances, including the deposit into claimants' accounts of proceeds traceable to the structuring. (Amended Complaint at ¶¶ 3–153). Further, the complaint provides identifying information such as the approximate date and amount of each deposit into the defendant accounts. (Complaint at ¶¶ 25–152). Claimants allege that paragraphs 23(a) and (b) lack particularity as required by Rule E(2)(a). "In determining whether a complaint satisfies rule E(2)(a), a court may also consider supporting affidavits that may cure a lack of particularity in the complaint itself." *Daccarett,* 6 F.3d at 47 (citing *United States v. 4492 South Livonia Rd.,* 889 F.2d 1258, 1266 (2d Cir.1989)). Any lack of particularity in the complaint is cured by the declaration of Special Agent John Ellwanger which specifies the date of, the number of and the total amount of certain remittances that were deposited into the Perusa account and the Pan American Express Account at Ponce de Leon.

■ On a motion to dismiss, the Court does not assess the admissibility or weight that should be afforded to evidence. Instead, the Court accepts the truth of the factual allegations pled and construes those facts most favorable to the plaintiff. *United States v. All Right, Title and Interest in Five Parcels,* 830 F.Supp. 750, 756 (S.D.N.Y.1993). "Hearsay reports can be considered, but only if they are found reliable." *All Right Title and Interest,* 830 F.Supp. at 756 (citing *United States v. Pole No. 3172,* 852 F.2d 636, 639 (1st Cir.1988)); *see Daccarett,* 6 F.3d at 56 ("A finding of probable cause may be based on hearsay, even hearsay from confidential informants"). The Court finds that under the circumstances presented here, the information provided by the Confidential Informant is reliable and corroborated by law enforcement agents and is therefore sufficient to support a forfeiture claim.

The Court finds that the Government has met its initial burden of establishing probable cause for the seizure of the defendant accounts. The motions to dismiss under Rule 12(b)(6) are therefore denied.

*Summary Judgment*

■ The standard for determining a summary judgment motion was recently reiterated by the Second Circuit in *Samuels v.*

*Mockry,* 77 F.3d 34, 35 (2d Cir.1996), in which the Court held that "[s]ummary judgment is proper if, viewing all facts of record in a light most favorable to the non-moving party, no genuine issue of material fact remains for adjudication." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202. (1986); *see also* Fed.R.Civ.P. 56(c) (summary judgment standard). "The non-movant may defeat summary judgment only by producing specific facts showing that there is a genuine issue of material fact for trial." *Samuels,* 77 F.3d at 36; *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) *see also* Fed.R.Civ.P. 56(e). All ambiguities and all reasonable inferences must, however, be resolved in the light most favorable to the party opposing the motion. *See United National Ins. Co. v. The Tunnel, Inc.,* 988 F.2d 351, 355 (2d Cir.1993); *Quaratino v. Tiffany & Co.,* 71 F.3d 58, 64 (2d Cir.1995). A genuine issue of material facts exists if "a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. at 2510; *see Vann v. City of New York,* 72 F.3d 1040, 1049 (2d Cir.1995). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

■ Mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment. *See Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir.1990). If there is evidence in the record as to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is unavailable.

■ The Court's function in considering a motion for summary judgment is not to weigh the evidence to determine the truth of the matter. Instead, the Court determines whether there is a genuine issue for trial. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2511. Perusa and Pan American, as the moving parties, bear the burden of proof on their motions. The Government contends that, as the party opposing the summary judgment

motion, it cannot for reasons stated present by affidavit facts essential to justify such opposition and that the Court may refuse the application for judgment or may order a continuance to permit discovery to proceed. *See* Fed.R.Civ.P. 56(f). The Court finds, however, that there are genuine issues of material fact to be decided and at this point denies the government's request to proceed under subsection (f).

■ Perusa and Pan American seek summary judgment dismissing the government's claims under 18 U.S.C. §§ 881 and 981 on the sole factual ground that the funds allegedly laundered through the seized accounts through structuring were no longer there when the warrants of arrest were obtained by the government. Perusa and Pan American claim that the government had no right to seize any other funds in the accounts, under 18 U.S.C. §§ 881 or 981 because any such other funds were not the guilty (defendant) funds or traceable thereto. Perusa and Pan American further claim that 18 U.S.C. § 984 is not applicable because the seized accounts are not the accounts of the alleged money launderer or drug dealer. Perusa and Pan American contend that to be "identical property in the same place or account" within the meaning of § 984, the property must be owned by or under the control of the same person who put the property into the place or the account and that same person must be able to remove the "identical (replacement) property." (Tatarian Reply Aff. at ¶ 20; Merle Letter dated July 24, 1996 at 2–3). Claimants, offer no support for this contention.

18 U.S.C. § 984 provides in pertinent part:

(a) This section shall apply to any action for forfeiture brought by the Government in connection with any offense under section 1956, 1957, or 1960 of this title or section 5322 or 5324 of title 31, United States Code.

(b)(1) In any forfeiture action in rem in which the subject property is cash, monetary instruments in bearer form, funds deposited in an account in a financial institution (as defined in section 20 of this title), or other fungible property—

(A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and

(B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.

(2) Except as provided in subsection (c), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

(c) No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense.

(d)(1) No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be taken against funds held by a financial institution in an interbank account, unless the financial institution holding the account knowingly engaged in the offense.

(2) As used in this section, the term "interbank account" means an account held by one financial institution at another financial institution primarily for the purpose of facilitating customer transactions.

21 U.S.C. § 881(a) states in pertinent part that the following shall be subject to forfeiture to the United States and no property right shall exist in them:

(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this title, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this title, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

Prior to the enactment of § 984, illegal proceeds deposited in a bank account were subject to forfeiture only to the extent that the account balance fell below the amount of the tainted deposit. *Marine Midland Bank,* 11 F.3d at 1126 (citing *Banco Cafetero Panama,* 797 F.2d at 1158–59). Subsection (b)(1)(A) of Section 984, however, provides that it is not necessary for the government to demonstrate that money in a bank account is the specific money involved in the offense that is the basis for the forfeiture. *Marine Midland Bank* at 1126. Subsection (b)(1)(B) provides that "it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property."

 Perusa and Pan American attempt to evade the grasp of Section 984 by claiming Subsection (d) exempts them as financial institutions. (Pan American Mem. at 16–18; Perusa Mem. at 14). Claimants suggest that "financial institutions" should be defined as set forth under the more expansive definition in title 31 rather than as set forth in subsection (b)(1) of the same statute. (Perusa Mem. at 14; Pan American Mem. at 17). The Court finds that no ambiguity exists as to this definition and that Perusa and Pan American, as money remitters, do not fall within the narrow exemption set forth in subsection (d).

 Here, viewing all facts of record and resolving all ambiguities and all reasonable inferences in a light most favorable to the government, the Court finds genuine issues of material fact that remain for adjudication. The government has produced specific facts to show that there are genuine issues of material fact necessitating trial. The government does not offer mere vague conclusory allegations, speculation and conjecture that are patently insufficient to defeat the summary judgment motion. There remain genuine material issues whether claimants engaged in legitimate business, whether the alleged structured and laundered funds remained in the defendant accounts at the time of the filing of the complaint and the amended complaint, whether the defendant accounts constituted property involved in transactions or attempted transactions in violation

**216**

of 18 U.S.C. §§ 981, 984, 1956 and 1957, and property traceable to violations of 21 U.S.C. § 841 *et. seq.* We assume that the funds were transmitted to the designated recipients shortly after receipt. Under these circumstances, the government could prevail. The motions for summary judgment dismissing the complaint are therefore denied.

### *ORDER*

For the reasons set forth herein, claimants' motions to (i) vacate the warrant of arrest for the defendant properties, (ii) to dismiss the complaint pursuant to 12(b)(6) of the Federal Rules of Civil Procedure and Rule 12 of the local Rules of Admiralty and Maritime Claims, and (iii) to dismiss the complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure, are denied and it is

SO ORDERED.